T.C. Memo. 2003-83


UNITED STATES TAX COURT


ARLENE WILLIAMS, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 3070-01L.          Filed March 24, 2003.


Arlene Williams, pro se.

Wendy S. Harris, for respondent.


MEMORANDUM OPINION


CHIECHI, Judge:  This case is before the Court on respondent's motion for summary judgment (respondent's motion).[1]  We shall grant respondent's motion.

_____

[1]Although the Court ordered petitioner to file a response to respondent's motion, petitioner failed to do so.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Las Vegas, Nevada, at the time she filed the petition in this case.

On January 11, 1998, petitioner filed late a Federal income tax (tax) return for her taxable year 1996 (1996 return). In her 1996 return, petitioner reported total income of $0 and total tax of $0. Petitioner attached a document to her 1996 return (petitioner's attachment to her 1996 return) that contained statements, contentions, and arguments that the Court finds to be frivolous and/or groundless.[2]

On December 11, 1998, respondent issued to petitioner a notice of deficiency (notice) with respect to her taxable year 1996, which she received. In that notice, respondent determined a deficiency in, an addition under section 6651(a)(1)[3] to, and an accuracy-related penalty under section 6662(a) on, petitioner's tax for her taxable year 1996 in the respective amounts of $5,474, $1,369, and $1,095.

---

[2]Petitioner's attachment to her 1996 return is very similar to the documents that certain other taxpayers with cases in the Court attached to their tax returns. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

[3]All section references are to the Internal Revenue Code in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure.

Petitioner did not file a petition in the Court with respect to the notice relating to her taxable year 1996. Instead, on March 5, 1999, in response to the notice, petitioner sent a letter (petitioner's March 5, 1999 letter) to the Internal Revenue Service that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[4]

On September 13, 1999, respondent assessed petitioner's tax, as well as an addition to tax, a penalty, and interest as provided by law, for her taxable year 1996. (We shall refer to those assessed amounts, as well as interest as provided by law accrued after September 13, 1999, as petitioner's unpaid liability for 1996.)

On September 13, October 18, and December 27, 1999, respondent issued to petitioner separate notices of balance due with respect to petitioner's unpaid liability for 1996.

On August 19, 2000, respondent issued to petitioner a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to her taxable year 1996. On or about September 15, 2000, in response to the notice of intent to levy, petitioner filed Form 12153, Request for a

---

[4]Petitioner's March 5, 1999 letter is very similar to the letters that certain other taxpayers with cases in the Court sent to the Internal Revenue Service in response to the notices issued to them. See, e.g., Copeland v. Commissioner, supra; Smith v. Commissioner, supra.

Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). Petitioner attached a document to her Form 12153 (petitioner's attachment to Form 12153) that contained statements, contentions, arguments, and requests that the Court finds to be frivolous and/or groundless.[5]

On January 31, 2001, respondent's Appeals officer held an Appeals Office hearing with petitioner with respect to the notice of intent to levy. At the Appeals Office hearing, the Appeals officer gave petitioner a summary record of assessments with respect to her taxable year 1996.

On February 6, 2001, the Appeals Office issued to petitioner a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination). An attachment to the notice of determination stated in pertinent part:

> Applicable Law and Administrative Procedures
>
> Based on the information available, the requirements of applicable law and administrative procedures have been met.
>
> Internal Revenue Code Section 6331(d) requires that the Internal Revenue Service notify a taxpayer at least 30 days before a Notice of Levy can be issued. The 30-day notice was mailed to you at the last known address via

---

[5]Petitioner's attachment to Form 12153 contained statements, contentions, arguments, and requests that are very similar to the statements, contentions, arguments, and requests contained in the attachments to Forms 12153 filed with the Internal Revenue Service by certain other taxpayers with cases in the Court. See, e.g., Fink v. Commissioner, T.C. Memo. 2003-61.

certified mail.

Internal Revenue Code Section 6330(a) states that no levy may be made unless the Internal Revenue Service notifies a taxpayer of the opportunity for a hearing with the Internal Revenue Service Office of Appeals. Letter 1058 "Final Notice," was mailed to the taxpayer via certified mail.  The taxpayer responded timely. Internal Revenue Code Section 6330(c) allows the taxpayer to raise any relevant issue relating to the unpaid tax or the proposed levy at the hearing, including appropriate spousal defenses, challenges to the appropriateness of collection actions and offers of collection alternatives.  The taxpayer may also raise at the collection due process hearing challenges to the existence or amount of the underlying tax liability for any tax period if the taxpayer did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability.

A Collection Due Process Hearing was held and you acknowledged receipt of the statutory notice of deficiency.  No petition was filed.  It was explained to you that under IRC 6330(c)(2)(B) there was an opportunity to dispute the tax liability but you chose not to not [sic] petition to the United States Tax Court and the only item of discussion are collection alternatives.  You were not willing to discuss collection alternatives but wanted to address the underlying liability instead.

This Appeals Officer has had no prior involvement with respect to these liabilities.

Relevant Issues Presented by the Taxpayer

You have stated in your Request for a Collection Due Process Hearing in regard to the Notice of Federal Tax Lien, "I am challenging the existence of the underlying tax liability."  I explained to you that you do not have the right to challenge the existence of the underlying tax liability because you received a statutory notice of deficiency.  During the Collection Due Process Hearing I provided you a Summary Record of Assessment.  I have been satisfied all administrative procedures have been met.

No collection alternatives were presented other than what is stated above.

Balancing Efficient Collection and Intrusiveness

No other collection alternatives have been presented as a more efficient manner of collecting the amount of tax due. Levy action is the most efficient manner of collection.

## Discussion

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion.

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notice of determination with respect to petitioner's taxable year 1996.

Although respondent does not ask the Court to impose a penalty on petitioner under section 6673(a)(1), the Court will

sua sponte determine whether to impose such a penalty.  Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions.

In the instant case, petitioner advances, we believe primarily for delay, frivolous and/or groundless contentions, arguments, and requests, thereby causing the Court to waste its limited resources.  We shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $1,600.

We have considered all of petitioner's contentions, arguments, and requests that are not discussed herein, and we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

An order granting respondent's motion and decision will be entered for respondent.