T.C. Memo. 2003-125

UNITED STATES TAX COURT

DANIEL AND SALLY A. HOLGUIN, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10215-02L.                Filed April 29, 2003.

Daniel Holguin and Sally A. Holguin, pro sese.

Alan J. Tomsic, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respon-
dent's motion for summary judgment and to impose a penalty under
section 6673[1] as to petitioner Daniel Holguin (respondent's

---

[1]All section references are to the Internal Revenue Code in
effect at all relevant times.  All Rule references are to the Tax
Court Rules of Practice and Procedure.

motion for summary judgment as to Mr. Holguin) and respondent's motion to dismiss for lack of jurisdiction and to strike as to petitioner Sally A. Holguin (respondent's motion to dismiss for lack of jurisdiction as to Ms. Holguin).  (We shall refer collectively to both of those motions as respondent's motions.)  We shall grant respondent's motions.

### Background

The record establishes and/or the parties do not dispute the following.

Petitioners resided in Las Vegas, Nevada, at the time they filed the petition in this case.

On April 16, 1995, petitioners mailed to respondent Form 1040, U.S. Individual Income Tax Return (Form 1040), for their taxable year 1994 (1994 Form 1040).  Above their signatures appearing in their 1994 Form 1040, petitioners struck from the jurat clause the words "Under penalties of perjury".  Because petitioners struck those words, respondent concluded that petitioners' 1994 Form 1040 was not a valid Federal income tax (tax) return.[2]

In their 1994 Form 1040, petitioners reported total income of $0 and total tax of $0 and claimed a refund of $1,020 of tax withheld.  Petitioners attached to their 1994 Form 1040 two Forms

---

[2]On Jan. 15, 1998, respondent prepared a separate substitute for return for each petitioner with respect to the taxable year 1994.

W-2, Wage and Tax Statement (Form W-2), reporting wages, tips, and other compensation totaling $14,857.07. Petitioners also attached a document to their 1994 Form 1040 (petitioners' attachment to their 1994 Form 1040) that contained statements, contentions, and arguments that the Court finds to be frivolous and/or groundless.[3]

On April 13, 1996, petitioners mailed to respondent Form 1040 for their taxable year 1995 (1995 Form 1040). Above their signatures appearing in their 1995 Form 1040, petitioners struck from the jurat clause the words "Under penalties of perjury". Because petitioners struck those words, respondent concluded that petitioners' 1995 Form 1040 was not a valid tax return.[4]

In their 1995 Form 1040, petitioners reported total income of $0 and total tax of $0 and claimed a refund of $1,052 of tax withheld. Petitioners attached to their 1995 Form 1040 Form W-2, reporting wages, tips, and other compensation of $17,121.94. Petitioners also attached a document to their 1995 Form 1040 (petitioners' attachment to their 1995 Form 1040) that contained statements, contentions, and arguments that the Court finds to be

---

[3]Petitioners' attachment to their 1994 Form 1040 is very similar to the documents that certain other taxpayers with cases in the Court attached to their tax returns. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

[4]On Jan. 15, 1998, respondent prepared a separate substitute for return for each petitioner with respect to the taxable year 1995.

frivolous and/or groundless.[5]

On April 13, 1997, petitioners mailed to respondent Form 1040 for their taxable year 1996 (1996 Form 1040).  Above their signatures appearing in their 1996 Form 1040, petitioners struck from the jurat clause the words "Under penalties of perjury".  Because petitioners struck those words, respondent concluded that petitioners' 1996 Form 1040 was not a valid tax return.[6]

In their 1996 Form 1040, petitioners reported total income of $0 and total tax of $0.  Petitioners attached a document to their 1996 Form 1040 (petitioners' attachment to their 1996 Form 1040) that contained statements, contentions, and arguments that the Court finds to be frivolous and/or groundless.[7]

On March 27, 1998, respondent issued to petitioner Daniel Holguin (Mr. Holguin) a separate notice of deficiency (notice) with respect to each of his taxable years 1994, 1995, and 1996, all of which he received.  In the notice with respect to Mr. Holguin's taxable year 1994, respondent determined a deficiency

_____

[5]Petitioners' attachment to their 1995 Form 1040 is very similar to the documents that certain other taxpayers with cases in the Court attached to their tax returns.  See, e.g., Copeland v. Commissioner, supra; Smith v. Commissioner, supra.

[6]On Jan. 15, 1998, respondent prepared a separate substitute for return for each petitioner with respect to the taxable year 1996.

[7]Petitioners' attachment to their 1996 Form 1040 is very similar to the documents that certain other taxpayers with cases in the Court attached to their tax returns.  See, e.g., Copeland v. Commissioner, supra; Smith v. Commissioner, supra.

in, and an addition to tax under section 6651(a)(1) on, Mr. Holguin's tax for that year in the respective amounts of $3,017 and $508. In the notice with respect to Mr. Holguin's taxable year 1995, respondent determined a deficiency in, and additions to tax under sections 6651(a)(1) and 6654 on, Mr. Holguin's tax for that year in the respective amounts of $3,170, $530, and $109. In the notice with respect to Mr. Holguin's taxable year 1996, respondent determined a deficiency in, and additions to tax under sections 6651(a)(1) and 6654 on, Mr. Holguin's tax for that year in the respective amounts of $3,238, $810, and $172.

Mr. Holguin did not file a petition in the Court with respect to the notices relating to his taxable years 1994, 1995, and 1996.

On August 17, 1998, respondent assessed Mr. Holguin's tax, as well as additions to tax and interest as provided by law, for each of his taxable years 1995[8] and 1996.[9] (We shall refer to any such unpaid assessed amounts, as well as interest as provided by law accrued after August 17, 1998, as Mr. Holguin's unpaid

---

[8]On Sept. 1 and 16, 1998, July 20, 2000, and Oct. 26 and 31, 2000, respondent applied payments totaling $2,462.01 to Mr. Holguin's account with respect to his taxable year 1995. On Sept. 1 and 16, 1998, respondent reduced the payments respondent had applied to Mr. Holguin's account with respect to his taxable year 1995 by a total of $551.98.

[9]On Oct. 31, Nov. 15, and Dec. 5, 2000, and Jan. 24, Feb. 22, Mar. 8, Apr. 23, and May 10, 2001, respondent applied payments totaling $1,803.78 to Mr. Holguin's account with respect to his taxable year 1996.

liabilities for 1995 and 1996.)

On August 17, 1998, respondent issued to Mr. Holguin a notice of balance due with respect to Mr. Holguin's unpaid liabilities for 1995 and 1996.

On August 31, 1998, respondent assessed Mr. Holguin's tax, as well as an addition to tax and interest as provided by law, for his taxable year 1994. (We shall refer to those assessed amounts, as well as interest as provided by law accrued after August 31, 1998, as Mr. Holguin's unpaid liability for 1994.)

On August 31, 1998, respondent issued to Mr. Holguin a notice of balance due with respect to Mr. Holguin's unpaid liability for 1994.

On February 5, 1999, respondent issued to petitioner Sally A. Holguin (Ms. Holguin) a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to Ms. Holguin's taxable years 1994, 1995, and 1996. (We shall refer to the notice of intent to levy issued to Ms. Holguin as respondent's February 5, 1999 notice of intent to levy concerning Ms. Holguin's taxable years 1994, 1995, and 1996.)

On October 4, 2001, respondent issued to Mr. Holguin a notice of intent to levy with respect to Mr. Holguin's taxable years 1994, 1995, and 1996. (We shall refer to the notice of intent to levy issued to Mr. Holguin as respondent's October 4, 2001 notice of intent to levy concerning Mr. Holguin's taxable

years 1994, 1995, and 1996.)

On or about November 2, 2001, in response to both respondent's February 5, 1999 notice of intent to levy concerning Ms. Holguin's taxable years 1994, 1995, and 1996 and respondent's October 4, 2001 notice of intent to levy concerning Mr. Holguin's taxable years 1994, 1995, and 1996, petitioners filed jointly Form 12153, Request for a Collection Due Process Hearing (Form 12153), and requested a hearing with respondent's Appeals Office (Appeals Office). Mr. Holguin timely filed that form as to respondent's October 4, 2001 notice of intent to levy concerning Mr. Holguin's taxable years 1994, 1995, and 1996, but Ms. Holguin did not timely file that form as to respondent's February 5, 1999 notice of intent to levy concerning Ms. Holguin's taxable years 1994, 1995, and 1996. Petitioners attached a document to their Form 12153 (petitioners' attachment to Form 12153) that contained statements, contentions, and arguments, that the Court finds to be frivolous and/or groundless.[10]

On April 18, 2002, respondent's Appeals officer (Appeals officer) held a hearing that constituted (1) an Appeals Office hearing with Mr. Holguin with respect to respondent's October 4, 2001 notice of intent to levy concerning his taxable years 1994,

---

[10]Petitioners' attachment to Form 12153 is similar to the types of attachments to Forms 12153 filed with the Internal Revenue Service by certain other taxpayers with cases in the Court. See, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46; Smith v. Commissioner, T.C. Memo. 2003-45.

1995, and 1996 and (2) an equivalent hearing with respect to respondent's February 5, 1999 notice of intent to levy concerning Ms. Holguin's taxable years 1994, 1995, and 1996.[11]  Prior to those hearings, the Appeals officer gave Mr. Holguin Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, with respect to each of Mr. Holguin's taxable years 1994, 1995, and 1996.

On April 30, 2002, the Appeals Office issued to Mr. Holguin a notice of determination concerning collection action(s) under section 6320 and/or 6330 (notice of determination).  An attachment to the notice of determination stated in pertinent part:

**What are the Issues?**

The taxpayer requested a hearing under the provisions of I.R.C. section 6330 to contest the application of a notice of intent to levy, Form 1058.

**Verification of Legal and Procedural Requirements**

The requirements of all applicable laws and administrative procedures have been met:

The liabilities were assessed and notice and demand letters were issued by regular mail to the taxpayer's last known address as required under I.R.C. 6303, demonstrated by the forms 4340 in the administrative file;
There was an assessed liability and a levy source determined by the Revenue Officer at the time the notice of intent to levy was issued to TP;
The notices required under I.R.C. 6330 were provided to TP on the dates shown above in relation to the levy notice, L-1058;

_____

[11]Mr. Holguin represented Ms. Holguin at the equivalent hearing held on Apr. 18, 2002.

The taxpayer responded by submitting a Form 12153, Request for a Collection Due Process Hearing, to the Collection officer;

The taxpayer's appeal was timely, being mailed on 11/2/01-The taxpayer is entitled to judicial review;

\*       \*       \*       \*       \*       \*       \*

Both certified transcripts, and non-literal transcripts were requested and reviewed by this A.O.  Copies of the certified transcripts were provided to the taxpayer.  A "face to face" CDP Hearing was offered to TP. * * * The meeting was held on 4/18/2002.  TP represented himself.

## Issues Raised by the Taxpayer

In TP's appeal request, TP's arguments were plentiful but without substance.  They were of the type described by the Courts as "frivolous." * * * TP disputes the receipt of an official notice of deficiency and other procedural errors based on TP's personal views and conclusions of law.  In my opinion, based on Court decisions, those arguments have no merit.  TP was provided copies of court cases attesting to the fact that the courts are tired of such arguments and could sanction TP if they were brought forth in a judicial hearing.

At the time of the conference, TP did not make a claim he was an "innocent spouse." * * * Nor did TP provide any non-frivolous argument as to the steps taken by the Collection division to obtain payment.  TP did attempt to offer questions regarding procedures, but such questions were generally frivolous and had no bearing on the outcome of the case.  TP did not suggest that he might become current in or correct his prior filings. Nor did TP suggest any collection alternatives.

### MY EVALUATION

Review of the information stated above and now present in the administrative file shows the requirements of all applicable laws and administrative procedures have been met.  Assessments were properly made.  TP was billed for and did not pay amounts due.  The Compliance Division proceeded with enforced collection action and it appears they should be allowed to continue with the action.

**Balancing the Need for Efficient Collection with Tax-
payer Concerns**

Given that no timely, reasonable alternative to the
proposed levy action has been suggested and that TP has
not presented anything more than frivolous arguments in
the matter, it is my opinion that the proposed collec-
tion action balances the government's need for effi-
cient collection with the taxpayer's concern that any
collection action be no more intrusive than necessary.
It is therefore concluded that the action should be
allowed to continue.

On May 22, 2002, respondent issued to Ms. Holguin a decision
letter concerning equivalent hearing under section 6320 and/or
6330 (decision letter). That letter was not, and did not purport
to be, a determination letter. An attachment to the decision
letter stated in pertinent part:

> The taxpayer responded [to respondent's February
> 5, 1999 notice of intent to levy concerning Ms.
> Holguin's taxable years 1994, 1995, and 1996] by sub-
> mitting a Form 12153, Request for a Collection Due
> Process Hearing, to the Collection officer;
> The taxpayer's appeal was not timely, not being
> mailed until 11/2/01-The taxpayer is not entitled to
> judicial review;

<u>Discussion</u>

Respondent's Motion to Dismiss for
<u>Lack of Jurisdiction as to Ms. Holguin</u>

Our jurisdiction under sections 6320 and 6330 depends upon
the issuance of a valid notice of determination and a timely
filed petition. <u>Moorhous v. Commissioner</u>, 116 T.C. 263, 269
(2001).

Ms. Holguin was not entitled to an Appeals Office hearing in
the instant case. That is because she did not timely request

such a hearing within 30 days from the date of respondent's February 5, 1999 notice of intent to levy concerning her taxable years 1994, 1995, and 1996, which notified her of her right to an Appeals Office hearing.  See sec. 6330(a)(3)(B); sec. 301.6330-1(c)(2), Q&A-C7, Proced. & Admin. Regs.

Instead of an Appeals Office hearing, respondent held an equivalent hearing with respect to respondent's February 5, 1999 notice of intent to levy concerning Ms. Holguin's taxable years 1994, 1995, and 1996.  See sec. 301.6330-1(i)(1), Proced. & Admin. Regs.  Consequently, respondent issued a decision letter to Ms. Holguin instead of a notice of determination.  Id.  That letter was not, and did not purport to be, a determination under section 6330(d).  See, e.g., Moorhous v. Commissioner, supra at 270.

We conclude that we do not have jurisdiction over Ms. Holguin.[12]  See sec. 6330(d)(1); Moorhous v. Commissioner, supra. We shall grant respondent's motion to dismiss for lack of jurisdiction as to Ms. Holguin.

---

[12]We note that petitioners do not object to the Court's granting respondent's motion to dismiss for lack of jurisdiction as to Ms. Holguin.

Respondent's Motion for
Summary Judgment as to Mr. Holguin

The Court may grant summary judgment where there is no genuine issue of material fact and a decision may be rendered as a matter of law. Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). We conclude that there are no genuine issues of material fact regarding the questions raised in respondent's motion for summary judgment as to Mr. Holguin.

Where, as is the case here, the validity of the underlying tax liability is not properly placed at issue, the Court will review the determination of the Commissioner of Internal Revenue for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 181-182 (2000).

As was true of petitioners' attachment to their 1994 Form 1040, petitioners' attachment to their 1995 Form 1040, petitioners' attachment to their 1996 Form 1040, and petitioners' attachment to Form 12153, petitioners' response to respondent's motion for summary judgment as to Mr. Holguin (petitioners' response as to Mr. Holguin) contains statements, contentions, and arguments that the Court finds to be frivolous and/or groundless.[13]

---

[13]The statements, contentions, and arguments set forth in petitioners' response as to Mr. Holguin are similar to the types of statements, contentions, and arguments set forth in responses by certain other taxpayers with cases in the Court to motions for summary judgment and to impose a penalty under sec. 6673 filed by
(continued...)

Based upon our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining to proceed with the collection action as determined in the notice of determination with respect to Mr. Holguin's unpaid liabilities for 1994, 1995, and 1996.

In respondent's motion for summary judgment as to Mr. Holguin, respondent requests that the Court require Mr. Holguin to pay a penalty to the United States pursuant to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court, inter alia, that a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or that the taxpayer's position in such a proceeding is frivolous or groundless, sec. 6673(a)(1)(B).

In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such

---

[13](...continued)
the Commissioner of Internal Revenue in such other cases. See, e.g., Smith v. Commissioner, T.C. Memo. 2003-45.

actions.[14]

In the instant case, Mr. Holguin advances, we believe primarily for delay, frivolous and/or groundless contentions, arguments, and requests, thereby causing the Court to waste its limited resources. We shall impose a penalty on Mr. Holguin pursuant to section 6673(a)(1) in the amount of $1,600.

We have considered all of petitioners' contentions, arguments, and requests that are not discussed herein, and we find them to be without merit and/or irrelevant.

On the record before us, we shall grant respondent's motion for summary judgment as to Mr. Holguin.

To reflect the foregoing,

> An appropriate order granting respondent's motion to dismiss for lack of jurisdiction and to strike as to petitioner Sally A. Holguin will be issued and an order granting respondent's motion for summary judgment and to impose a penalty under section 6673 as to petitioner Daniel Holguin and decision as to him will be entered for respondent.

---

[14]The record in this case reflects that the Appeals officer gave Mr. Holguin "copies of court cases attesting to the fact that the courts are tired of such [frivolous] arguments and could sanction" him.