**John W. HAUCK, Jr., Petitioner–Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent–Appellee.**

No. 02–2301.

United States Court of Appeals, Sixth Circuit.

May 2, 2003.

Before: CLAY and GIBBONS, Circuit Judges; and CLELAND, District Judge.*

*ORDER*

John W. Hauck, Jr., appeals a decision of the Tax Court in which it found that respondent may proceed with collection activities regarding assessments for the 1995 and 1996 tax years and imposed damages against Hauck pursuant to 26 U.S.C. § 6673 in the amount of $10,000. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In April 1998, the Internal Revenue Service (IRS) determined deficiencies and additions to tax totaling $210,851.44 for Hauck's 1995 and 1996 tax years, years in which Hauck filed no tax returns. Hauck did not challenge the deficiencies within 90 days, and in September 1998, the IRS assessed the deficiencies and additions. *See* 26 U.S.C. § 6213(a). In June 1999, the IRS sent Hauck a notice of intent to levy and a notice of the right to a hearing, and Hauck requested a Collection Due Process Hearing to determine the validity of the assessment. Hauck requested that the hearing be conducted by telephone. Following the requested hearing, an ap-

* The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation.

peals officer determined that collection efforts could proceed.

Hauck next petitioned the Tax Court for review of the Commissioner's determination pursuant to 26 U.S.C. § 6330(d). Following a trial, the Tax Court found that the Commissioner may proceed with collection and imposed damages against Hauck pursuant to 26 U.S.C. § 6673(a)(1). Hauck filed a timely notice of appeal. On appeal, Hauck contends that: (1) the hearing officer did not require a valid assessment document; (2) the hearing officer denied him the right to examine requested documentation; (3) the $10,000 penalty imposed was unjustified; and (4) his Collection Due Process hearing was inadequate.

Generally, this court reviews the Tax Court's conclusions of law de novo and its findings of fact for clear error. *See Zack v. Commissioner,* 291 F.3d 407, 412 (6th Cir.2002); *MTS Intern., Inc. v. Commissioner,* 169 F.3d 1018, 1021 (6th Cir.1999). This court reviews for an abuse of discretion the Tax Court's imposition of sanctions pursuant to 26 U.S.C. § 6673. *Wolf v. Commissioner,* 4 F.3d 709, 716 (9th Cir.1993). Here, the Tax Court properly determined that the Commissioner's collection activities were proper and that Hauck's petition was a frivolous attempt to delay the collection.

Before a levy may be made on the property of any taxpayer, the taxpayer must be notified of the right to request a pre-levy hearing. 26 U.S.C. § 6330(a). If a hearing is requested, it is conducted by the IRS Office of Appeals. 26 U.S.C. § 6330(b)(1). The taxpayer "may raise at the hearing any relevant issue relating to the unpaid tax or proposed levy." 26 U.S.C. § 6330(c)(2)(A). A taxpayer may challenge "the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." 26 U.S.C. § 6330(c)(2)(B). Upon receipt of the Office of Appeals's notice of determination, the taxpayer may file an appeal with the Tax Court or an appropriate federal district court. 26 U.S.C. § 6330(d)(1).

Here, Hauck does not and cannot dispute the existence or amount of the underlying tax liabilities because he had notice and an opportunity to dispute the amounts, but did not do so. Rather, Hauck raises only meritless claims that his Collection Due Process Hearing was not properly conducted. Hauck contends that the hearing officer improperly relied on an automated IRS Summary Record of Assessments form or "RACS Report" in confirming the assessments at issue rather than a signed IRS Form 23C record of assessments. However, the record reflects that the computerized "RACS Report" has simply replaced the IRS Form 23C for assessments after 1984. *See Perez v. United States,* No. 3:00CCV00302, 2001 WL 1836185, at *3 (W.D.Tex. Oct.11, 2001). Hauck's claim that the hearing officer prevented him from examining the records at issue is meritless because the record reflects that Hauck was in possession of copies of the pertinent documents, and the hearing was held by telephone at Hauck's request. The Tax Court did not consider Hauck's claims that he was denied a court reporter and the opportunity to present and cross-examine witnesses because he asserted the claims for the first time in his brief. Nonetheless, it is noted that the claims are meritless because Hauck cannot show any effect the claimed errors may have had.

Finally, Hauck's contention that the Tax Court erred by imposing a sanction lacks merit. The conclusion that Hauck's petition was a frivolous attempt to delay tax collection is supported by the record. Ac-

cordingly, the Tax Court did not abuse its discretion by imposing a sanction pursuant to 26 U.S.C. § 6673(a)(1).

For the foregoing reasons, the Tax Court's decision is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.