Wayne A. WEISHAN; Marykay
Weishan, Petitioners–
Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.

No. 02–72491.
Tax Ct. No. 10025–01.

United States Court of Appeals,
Ninth Circuit.

Submitted May 12, 2003.*

Decided May 16, 2003.

Before PREGERSON, REINHARDT,
and GRABER, Circuit Judges.

MEMORANDUM **

Wayne A. Weishan and MaryKay Weishan (collectively, the "Taxpayers") appeal the tax court's summary judgment upholding the Commissioner's deficiency determination for the tax year 1997. We have jurisdiction under 26 U.S.C. § 7482. After de novo review, *Miller v. Commissioner*, 310 F.3d 640, 642 (9th Cir.2002), we affirm.

Contrary to the Taxpayers' contentions, they acknowledged receipt of the notice of deficiency and other correspondence from the Commissioner, and the form of the notice of deficiency complied with all statutory requirements. *See Abrams v. Commissioner*, 814 F.2d 1356, 1357 (9th Cir. 1987) (per curiam) ("there is no prescribed form for a deficiency notice"). Similarly, the Taxpayers received all of the information due them under 26 C.F.R. § 301.6203–1. *See Koff v. United States*, 3 F.3d 1297, 1298 (9th Cir.1993) (per curiam). Finally, the Taxpayers were accorded due process at the Collection Due Process Hearing, and they have therefore failed to state a Fifth Amendment violation. *See Wilcox v. Commissioner*, 848 F.2d 1007, 1008 (9th Cir.1988) ("failing to provide a taxpayer with an administrative fact finding hearing does not violate due process").

The Taxpayers' contention that the Internal Revenue Service officers did not

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

have the properly delegated authority to assess and collect taxes is without merit. *See Hughes v. United States*, 953 F.2d 531, 536 (9th Cir.1992).

The tax court did not err in denying the Taxpayers' motion for a continuance to engage in further discovery. *See* Tax Ct. R. 121(e). We decline to consider the tax court's denial of the Taxpayers' two post-judgment motions because they do not clearly contend in their opening brief that these rulings were erroneous. *See DHL Corp. & Subsidiaries v. Commissioner*, 285 F.3d 1210, 1224 n. 10 (9th Cir.2002).

The Taxpayers' Motion to Supplement the Record is granted.

**AFFIRMED.**

