T.C. Memo. 2003-230

UNITED STATES TAX COURT

CHARLES BRODMAN AND TERESA BRODMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16598-02L.                    Filed August 1, 2003.

<u>Jerry Arthur Jewett</u>, for petitioners.

<u>Michelle M. Lippert</u>, for respondent.

MEMORANDUM OPINION

COHEN, <u>Judge</u>:  The petition in this case was filed in
response to a Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330.  The issues for
decision are whether there was an abuse of discretion in a
determination that collection action could proceed and whether
the Court should impose a penalty under section 6673.  Unless

otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

All of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference.

Petitioners resided in Carey, Ohio, at the time they filed their petition.

Petitioners timely filed Forms 1040, U.S. Individual Income Tax Returns, for 1996, 1997, and 1998, reporting income received in the amounts of $8,595, $9,593, and $8,618, respectively. On the Form 1040 for 1998, petitioners inserted above their signatures a reference to signing the return "under duress". On March 30, 2000, respondent sent to petitioners a notice of deficiency, determining deficiencies of $9,621, $6,313, and $4,173 for 1996, 1997, and 1998, respectively, and penalties under section 6662(a) for each of those years.

Petitioners did not file a petition in response to the notice of deficiency. In their petition in this case, they acknowledge receipt of the notice of deficiency but claim that it was not valid because it "was not signed by the Secretary of the Treasury or his authorized delegate, and the person who signed the 'notice of deficiency' did not have authority to do so

because no delegation order exists which authorizes that person to sign notices of deficiency for the Secretary of the Treasury."

After petitioners defaulted on the March 30, 2000, notice of deficiency, assessments of accuracy-related penalties and additional income tax liabilities were made. Erroneously claimed earned income credits were reversed on petitioners' accounts for the years in issue. A "Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing" was sent to petitioners on December 18, 2000. A Notice of Federal Tax Lien was filed with the Wyandot County Recorder on January 8, 2001, and a "Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320" was sent to petitioners on January 9, 2001.

Petitioners received the notices sent on December 18, 2000, and January 9, 2001, marked them "Refused for Fraud", and returned them to the Internal Revenue Service (IRS), with instructions that they be filed as a permanent part of petitioners' records. On January 11, 2001, petitioners filed a Request for a Collection Due Process Hearing. In their request, petitioners demanded a variety of forms, including a Form 23C, a Form 17-A, a delegation order of the Revenue agent who sent the notice of levy, and demanded "the law that makes us liable for income taxes." Among other things, petitioners demanded:

13. Provide the documents from the Internal Revenue Code, the Code of Federal Regulations, United States Statutes at Large, or Public Law that

supports the IRS contention that a 1040 or 1040A is a type of tax.

14. I demand that you send me the proof that I am a Virgin Island resident (see your TC-150 coding of me as per your manual 30(55)4.2).

15. Please send me a copy of the court order to seize, confiscate or take my money as per fair debit collection act.

16. Send the Regulations listing the Taxable activity which is the bases for this 1058 Letter.

17. Provide me with a copy of the letter in which the district Director ordered me to keep records per 26 I.R.C. 6001, and what type of books and records to keep. See US vs. Mercer, Sixth Circuit District Court, Cincinnati, Ohio, 1996.

18. Form 6809 Civil Penalty Report.

19. Please send me the logo the, the Bureau of Alcohol, Tobacco, and Firearms or the Secret Service should be using on their correspondence to us. In Title 31 U.S.C., Chapter 3, Subtitle 1 – Organization, does not list these organizations as being part of the Department of the Treasury.

20. Title 26 of the Internal Revenue Code is literally the repealed National Prohibition Act which was repealed in 1933 and classified to Title 26 in 1939 as the Internal Revenue Code of 1939 which is evidenced by 48 USC 1402. Do you have any evidence that we are subject to the National Prohibition? If so please disclose now.

21. Send us a copy of any "Dummy Returns" or "Substitute for Return" that have been created by the IRS pertaining to us. [Exhibit refs. omitted.]

Petitioners' request for a hearing continued with frivolous arguments and included the following paragraph:

As honest citizens of Ohio state we desire to comply with any and all laws that compel us to action. We are

willing to file any and every form or return that we are required by **law** to file.  We desire to pay every penny of tax that we **are required by law** to pay.  We have no desire to obstruct or hamper any **valid** government agency or function.  Just send us **the law making us liable** for paying income tax.

On January 23, 2002, Jerry Arthur Jewett (Mr. Jewett) executed a power of attorney, Form 2848, Power of Attorney and Declaration of Representative.  On February 25, 2002, Mr. Jewett sent to the IRS Appeals Office a letter incorporating and adding to petitioners' frivolous arguments and asserting:

> 1.  The individual or individuals named above are not "persons or a person" liable for the income tax or required to file a Form 1040, by virtue of non-residence in, or lack of income earned within, or effectively connected to, any U.S. Territory, Possession and/or enclave deriving authority from Article I, Sec. 2 Cl. 17 or Article 4, Sec. 3, Cl. 2 of the Constitution of the United States.  The individual or individuals named herein are natural born Citizens of one of the 50 Republic states, under the Constitution and Law.

Although the pages of the letter were unnumbered, it consisted of 33 pages of tax protester boilerplate.

A hearing pursuant to petitioners' request was conducted on March 21, 2002, with a court reporter present.  A transcript of the proceedings was made.  At the hearing, Mr. Jewett repeated his frivolous arguments.  Among other things, Mr. Jewett argued:

> MR. JEWETT:  * * *  So the only case which addresses the issue of wages not being income and a tax, an individual is not a taxpayer within the meaning of the Internal Revenue Code is the John Cheek case and it supports the position of my clients.

HEARING OFFICER KANE:  I'm not familiar with that case.  It sounds like the Supreme Court said a technicality, instructions weren't given to the jury properly, it didn't say that that position was, was based on law and a solid position.  I'm not familiar with that, but there are dozens of court cases where these arguments have been presented and I'm not aware of any of them that have been successful.

MR. JEWETT:  Well, the Supreme Court is the ultimate arbiter and when the Supreme Court tells us something, I tend to believe it.  They're the only, they're the only court whose word is final.

HEARING OFFICER KANE:  But it didn't tell us what you're saying it told us, at least if I heard you correctly.

MR. JEWETT:  It said that that belief is an absolute, it is a defense to a charge of failing to file a return, and my clients rely on that.  You know, my clients subsequently filed for these years 1040X's in which they indicated that, that they actually didn't have any income, they had zero income for Federal income tax purposes.  Now, the reasons why are extensive and they have been dealt with in the paperwork that I've given you, so I'm not going to go into that.

The Appeals officer provided to petitioners literal transcripts of their account.  On April 17, 2002, a copy of Form 4340, Certificate of Assessments, Payments, and Other Specified Matters, was sent to petitioners.

On September 18, 2002, a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 was sent to petitioners.  The notice indicated the frivolous nature of petitioners' arguments and stated:  "It has been determined that the lien filing and proposed levy action are sustained.  The

Internal Revenue Service has complied with code and procedural requirements in collecting the tax."

In the petition in this case, signed by Mr. Jewett, petitioners again challenge the authority of the officers issuing the notice of deficiency, the notice of intent to levy and the notice of lien, and the procedures by which the Appeals officer verified the validity of the assessment; claim that they were entitled to challenge the underlying liabilities because they received no valid notice of deficiency; and assert that no provision of the Internal Revenue Code makes them liable for the income tax and penalties determined in the statutory notice. The same arguments were repeated in petitioners' trial memorandum signed by Mr. Jewett and filed with the Court.

On May 30, 2003, Mr. Jewett and counsel for respondent placed a conference telephone call to the Court in one of the essentially identical cases on the Cleveland, Ohio, June 2, 2003, calendar in which Mr. Jewett represented taxpayers.[1] The conference telephone call concerned the desire of the taxpayers in one of Mr. Jewett's cases to withdraw him as counsel and to work with the IRS in attempting to resolve their tax liability. During the conference telephone call, the Court advised

[1] Three of those cases were submitted fully stipulated and are in the same posture as this case. James Benson and Melanie A. Dunham, docket No. 7029-02L; Gregory R. Brown, docket No. 8368-02L; Harold V. and Imogene N. Pahl, docket No. 11572-02L.

Mr. Jewett that, upon review of his trial memoranda, it appeared that he was making arguments that had led to penalties under section 6673 against many taxpayers and that penalties had recently been affirmed by the Court of Appeals for the Sixth Circuit, to which this case is appealable. See, e.g., <u>Hauck v. Commissioner</u>, T.C. Memo. 2002-184, affd. 64 Fed. Appx. 492 (6th Cir. 2003) ($10,000 penalty affirmed). The Court also cited to Mr. Jewett the cases of <u>Roberts v. Commissioner</u>, 118 T.C. 365 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); <u>Takaba v. Commissioner</u>, 119 T.C. 285 (2002); <u>Edwards v. Commissioner</u>, T.C. Memo. 2003-149, in which awards were made under section 6673(a)(2) against the taxpayers' counsel in addition to penalties against the taxpayers in cases where frivolous arguments were made. The Court also referred to <u>Everman v. Commissioner</u>, T.C. Memo. 2003-137, in which Mr. Jewett was counsel of record and his arguments about delegation of authority were rejected. When this case was called from the calendar on June 2, 2003, Mr. Jewett acknowledged the Court's warning to him, stated that his clients had been apprised of the Court's position, and asserted that his clients nonetheless wished to pursue the arguments that the Court had identified as frivolous. Mr. Jewett stated that he had not had time to read the cases cited to him by the Court.

## Discussion

All of the arguments that petitioners have presented in this case, in one form or another, have been rejected in prior cases. Those arguments dealing with the taxability of their income are irrelevant in any event. Because they received the statutory notice of deficiency for 1996, 1997, and 1998, petitioners were not entitled to challenge their underlying tax liability at the hearing conducted under section 6330. Sec. 6330(c)(2)(B). They did not raise any bona fide issues or collection alternatives at the hearing, and they have not raised any genuine issues in this case. There was no abuse of discretion with respect to the determination that collection should proceed.

Numerous cases establish that no particular form of verification is required, that no particular document need be provided to taxpayers at a hearing conducted under section 6330, and that Form 4340 provided to the taxpayers after the hearing satisfies the requirements of section 6330(c)(1). See, e.g., Roberts v. Commissioner, supra; Nestor v. Commissioner, 118 T.C. 162, 167 (2002); Hauck v. Commissioner, supra; Kuglin v. Commissioner, T.C. Memo. 2002-51. Scores of cases have disposed of claims indistinguishable from petitioners' claims by summary judgment, with imposition of a penalty under section 6673. See, e.g., Roberts v. Commissioner, supra; Hill v. Commissioner, T.C. Memo. 2003-144; Holquin v. Commissioner, T.C. Memo. 2003-125;

Hodgson v. Commissioner, T.C. Memo. 2003-122; Bourbeau v. Commissioner, T.C. Memo. 2003-117; Williams v. Commissioner, T.C. Memo. 2003-83; Kaye v. Commissioner, T.C. Memo. 2003-74; Smith v. Commissioner, T.C. Memo. 2003-45; Eiselstein v. Commissioner, T.C. Memo. 2003-22; Gunselman v. Commissioner, T.C. Memo. 2003-11; Young v. Commissioner, T.C. Memo. 2003-6; Tornichio v. Commissioner, T.C. 2002-291; Land v. Commissioner, T.C. Memo. 2002-263; Perry v. Commissioner, T.C. Memo. 2002-165; Smeton v. Commissioner, T.C. Memo. 2002-140; Newman v. Commissioner, T.C. Memo. 2002-135; Coleman v. Commissioner, T.C. Memo. 2002-132; Williams v. Commissioner, T.C. Memo. 2002-111; Weishan v. Commissioner, T.C. Memo. 2002-88, affd. 66 Fed. Appx. 113 (9th Cir. 2003).  In some such cases, penalties have been imposed by the Court sua sponte.  See, e.g., Robinson v. Commissioner, T.C. Memo. 2003-77; Keene v. Commissioner, T.C. Memo. 2002-277; Schmith v. Commissioner, T.C. Memo. 2002-252; Schroeder v. Commissioner, T.C. Memo. 2002-190.

Section 6673(a)(1) provides:

> Procedures instituted primarily for delay, etc.--Whenever it appears to the Tax Court that--
>
> (A) proceedings before it have been instituted or maintained by the taxpayer primarily for delay,
>
> (B) the taxpayer's position in such proceeding is frivolous or groundless, or
>
> (C) the taxpayer unreasonably failed to pursue available administrative remedies,

the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000.

Section 6673 is a penalty provision, intended to deter and penalize frivolous claims and petitions. Cf. <u>Bagby v. Commissioner</u>, 102 T.C. 596, 613-614 (1994). The purpose "is to compel taxpayers to think and to conform their conduct to settled principles before they file returns and litigate." <u>Takaba v. Commissioner</u>, <u>supra</u> at 295.

In this case, respondent did not move for summary judgment or for a penalty, and the case was submitted fully stipulated. Petitioners were specifically warned here, and taxpayers (and their counsel) were warned in <u>Pierson v. Commissioner</u>, 115 T.C. 576, 581 (2000), and by the numerous subsequent cases, of the likelihood of a penalty under section 6673 if they abused the protections afforded by sections 6320 and 6330.

Petitioners in this case should be treated the same as taxpayers similarly situated. They should not be treated the same as taxpayers who abandon frivolous arguments before trial. The Court takes judicial notice that, in three other cases on the Cleveland calendar in which Mr. Jewett represented the taxpayers in presenting frivolous claims in the petition, the taxpayers did not pursue those claims at the time of trial. In two of those cases, disposition was prior to trial by agreement of the parties. In a third case, mentioned above, Mr. Jewett was

withdrawn as counsel. The taxpayers who continue to pursue those claims are not entitled to a free ride. We conclude that a penalty of $5,000 against petitioners should be awarded to the United States in this case.

It is particularly egregious for taxpayers to be aided in pursuing frivolous claims by attorneys trained in the law. A frivolous claim is one that is contrary to established law and unsupported by a meritorious argument for change in the law. See, e.g., <u>Nis Family Trust v. Commissioner</u>, 115 T.C. 523, 544 (2000); cf. <u>Harper v. Commissioner</u>, 99 T.C. 533, 548 (1992). Attorneys who practice in this Court are bound by the ABA Model Rules of Professional Conduct (Model Rules). Rule 201(a). Rule 3.1 of the Model Rules states in part:

> A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. * * *

Section 6673(a)(2) provides in part as follow:

> Counsel's liability for excessive costs.-- Whenever it appears to the Tax Court that any attorney or other person admitted to practice before the Tax Court has multiplied the proceedings in any case unreasonably and vexatiously, the Tax Court may require--
>
> > (A) that such attorney or other person pay personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct * * *

Rule 33(b) provides:

>    (b) Effect of Signature: The signature of counsel or a party constitutes a certificate by the signer that the signer has read the pleading[s]; that, to the best of the signer's knowledge, information, and belief formed after reasonable inquiry, it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. The signature of counsel also constitutes a representation by counsel that counsel is authorized to represent the party or parties on whose behalf the pleading is filed. * * * If a pleading is signed in violation of this Rule, the Court, upon motion or upon its own initiative, may impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, including reasonable counsel's fees.

Petitioners' counsel here did not cite at any time the law applicable to the stipulated facts of this case. He failed even to read the cases cited to him by the Court before he submitted the case. In recent cases, counsel for a taxpayer has been ordered to pay the fees and costs of respondent's counsel incurred in responding to frivolous arguments. See Takaba v. Commissioner, 119 T.C. at 296-305; Edwards v. Commissioner, T.C. Memo. 2003-149. It seems particularly appropriate that counsel should bear costs when his clients have been penalized. Cf. Johnson v. Commissioner, 289 F.3d 452 (7th Cir. 2002), affg. 116 T.C. 111 (2001). In Edwards v. Commissioner, T.C. Memo. 2002-169, we explained:

All litigants, especially members of the bar who have received training in law and professional responsibility, are expected to read the cases cited for the Court, to assure that those cases remain current, and to advance only those legal arguments that are warranted by existing law, by nonfrivolous argument for its extension, modification, or reversal, or by the establishment of new law. See, e.g., Fed. R. Civ. P. 11(b)(2); Coleman v. Commissioner, 791 F.2d 68, 72 (7th Cir. 1986) ("The purpose of sections 6673 and 6702, like the purpose of Rules 11 and 38 and of sec. 1927 [of 28 U.S.C.], is to induce litigants to conform their behavior to the governing rules regardless of their subjective beliefs. Groundless litigation diverts the time and energies of judges from more serious claims; it imposes needless costs on other litigants. Once the legal system has resolved a claim, judges and lawyers must move on to other things. They cannot endlessly rehear stale arguments.").

Mr. Jewett asserted, when the case was submitted, that he is proceeding in good faith. His failure to consult or address the established law renders his assertion untenable. Unlike counsel in Takaba v. Commissioner, supra, and in Edwards v. Commissioner, T.C. Memo. 2003-149, however, he did not extend these proceedings by meaningless motions and other delays. (Perhaps that is why respondent did not request a penalty in this case.) Determining the amount of excessive costs in this case would require further proceedings and would add to the delays already caused by the frivolous arguments asserted by petitioners and Mr. Jewett. Other grounds for sanctions might also be considered. Cf. Matthews v. Commissioner, T.C. Memo. 1995-577, affd. without published opinion 106 F.3d 386 (3d Cir. 1996); Leach v. Commissioner, T.C. Memo. 1993-215. See generally Chambers v.

NASCO, Inc., 501 U.S. 32 (1991); First Bank v. Hartford Underwriters Ins. Co., 307 F.3d 501 (6th Cir. 2002).

We have decided not to extend these proceedings for the purpose of imposing further sanctions, but Mr. Jewett and other counsel are reminded of the consequences to them if they repeat or persist in similar claims in the future.  See also Martin v. Commissioner, 756 F.2d 38, 41 (6th Cir. 1985), affg. T.C. Memo. 1983-473.

To reflect the foregoing,

Decision will be entered

for respondent.