T.C. Memo. 2003-74

UNITED STATES TAX COURT

STAN D. KAYE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7069-02L.                    Filed March 13, 2003.

Stan D. Kaye, pro se.

<u>Hieu C. Nguyen</u>, for respondent.

MEMORANDUM OPINION

GERBER, <u>Judge</u>:  Respondent, in a motion filed on November
12, 2002, moved for summary judgment on the questions of whether
he may proceed with collection and whether a section 6673[1]

---

[1] All section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure, unless otherwise
indicated.

penalty should be imposed against petitioner. Respondent alleges that all section 6330 prerequisites have been met and that he should be allowed to proceed with collection of petitioner's assessed and outstanding tax liability. With respect to the penalty, respondent contends that petitioner instituted this proceeding primarily for delay and that his position in the proceeding is frivolous and groundless.

Petitioner's objection to respondent's motion for summary judgment was filed on December 23, 2002. In essence, petitioner contends that, although respondent has sent certain documents to him, those documents are not acceptable because they do not meet the standards that petitioner contends exist. In particular, petitioner contends that the Secretary of the Treasury must personally sign notices or that respondent must prove that the person who did sign notices sent to him was properly authorized to sign. Petitioner also contends that he will not treat decisions of the Tax Court as law by which he is bound unless it is shown that "the Congress of the United States passed a law stating that the U.S. Citizen is bound by Tax Court decisions."

Background

Petitioner resided in Moreno Valley, California, at the time his petition was filed. Petitioner's 1995 Federal income tax return was filed on April 15, 1996, and reflected $46,294 in taxable income and an $11,767 income tax liability. The tax

liability for the unpaid 1995 tax balance was assessed and on June 10, 1996, respondent made notice and demand on petitioner to pay his outstanding 1995 income tax liability. On April 15, 1997, and April 15, 1998, petitioner filed his 1996 and 1997 income tax returns on each of which he entered zeros in all pertinent boxes for the reporting of income.

On April 22, 1998, respondent mailed a Notice of Deficiency to petitioner determining a $16,402 income tax deficiency for 1996, based on petitioner's Form W-2, Wage and Tax Statement, and Form 1099-R, Distributions from Pensions, Annuities, Retirement or Profit Sharing Plans, IRAs, Insurance Contracts, etc., reflecting income from third-party sources. Respondent also determined a $3,280.40 penalty under section 6662(a) for petitioner's 1996 tax year. Petitioner acknowledged receipt of the deficiency notice in a July 18, 1998, letter to respondent and, among other similar protester statements, indicated, as follows:

> I have attached to this letter an excerpt from the Supreme Court decision FEDERAL CROP INSURANCE CORP. v A.A. MERRILL, 332 U.S. 380. Note that the Court held in that case that:
>
>> Anyone entering into an arrangement with the government **takes a risk** of having accurately ascertained that he who purports to act for the government stays within the bounds of his authority, even though the agent himself may be unaware of the limitations upon his authority. (emphasis added)

Note that the <u>Supreme Court in this decision warns the public</u> that those who pay attention to what federal employees say "<u>take the risk</u>" that such employees may not be acting "<u>within the bounds of (their) authority</u>" and that such employees may even be "unaware of the limitations of (their) authority."

Well, <u>I am not prepared to take that risk</u>.

Petitioner did not petition this Court with respect to the Notice of Deficiency for his 1996 taxable year. Thereafter, the 1996 tax deficiency and penalty was assessed and on October 12, 1998, notice and demand for payment of the assessed 1996 income tax liability was made on petitioner.

On November 20, 1998, respondent mailed a Notice of Deficiency to petitioner determining, for petitioner's 1997 tax year, a $23,004 income tax deficiency and a $684.33 addition to tax under section 6651(a)(2). Again, petitioner acknowledged receipt of the notice in a January 31, 1999, letter and raised various protester arguments, but he did not file a petition with this Court regarding his 1997 income tax deficiency. Thereafter, respondent assessed the 1997 tax deficiency and notice and demand was made on petitioner by means of a June 28, 1999, notice.

On September 6, 2000, respondent issued two Form Letters 1058, Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing, one for 1995 and 1996 and the other for 1997 and 1998.[2]

---

[2] The 1998 liability was for a sec. 6702 civil penalty. In
(continued...)

On October 12, 2000, respondent received petitioner's Form 12153, Request for a Collection Due Process Hearing. On February 13, 2002, a face-to-face hearing was held between an Appeals officer and petitioner. During the hearing, petitioner was provided with a Form 4340, Certificate of Assessments, Payments, and Other Specified Matters for his 1995, 1996, and 1997 tax years. The Appeals officer also informed petitioner that the arguments he made at the hearing were considered to be frivolous. The hearing was recorded and transcribed.

On March 8, 2002, respondent issued two Notice(s) of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 advising that respondent determined to proceed with collection. Attached to the notices were the Appeals officer's report, denominated as a "Summary of Issue and Recommendation", which included advice to petitioner that the Tax Court is authorized "to impose monetary sanctions up to $25,000 for instituting or maintaining an action before it primarily of [sic] delay or for a [sic] taking a position that is frivolous or groundless."

## Discussion

Respondent seeks summary judgment with respect to whether he may proceed to collect certain outstanding tax liabilities

---

²(...continued)
his petition to this Court, petitioner did not challenge respondent's actions with respect to the 1998 liability.

- 6 -

against petitioner and whether petitioner should be held liable for a penalty under section 6673.  Rule 121 provides for summary judgment for part or all of the legal issues in controversy if there is no genuine issue as to any material fact.  Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  In that regard, summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).

There is no genuine issue as to any material fact in this case.  The matters raised in the pleadings are susceptible to resolution by means of summary judgment.  Respondent, pursuant to section 6331, seeks to levy on petitioner's property.  In accord with section 6330(a), respondent provided petitioner with a final notice of intent to levy, which also included notice of petitioner's right to an administrative appeal of respondent's determination to collect the tax.  In that regard, the Commissioner cannot collect unpaid tax by levy without the opportunity for a taxpayer to seek an administrative review of the determination to proceed with collection, and the opportunity for judicial review of the administrative determination.  Davis v. Commissioner, 115 T.C. 35, 37 (2000).

Petitioner did not file a petition with respect to the

Notices of Deficiency,[3] so the validity of the underlying tax liabilities for 1996 and 1997 was not properly at issue in the administrative hearing, and is not at issue here. With respect to his 1995 tax liability, which petitioner reported but did not pay, he has not argued or shown that the amount reported by him is in error. Accordingly we review here whether respondent's administrative determination to proceed with collection is an abuse of discretion. Sec. 6330(c)(2)(B); Sego v. Commissioner, 114 T.C. 604, 610 (2000).

At his administrative hearing, petitioner disputed the appropriateness of respondent's proposed collection action by questioning whether the Appeals officer had satisfied the verification requirement of section 6330(c)(1). Petitioner also questioned whether respondent met various statutory requirements which petitioner contended were a prerequisite to collection. Petitioner contends that the forms used by respondent were improper and did not constitute notice and demand. Petitioner also contends that the lack of personal verification by the Secretary or a person shown to be authorized to exercise the Secretary's authority was a flaw that should preclude respondent from proceeding with collection.

At the Appeals hearing, petitioner was provided with transcripts of his accounts, which included detailed information

---

[3] Petitioner acknowledged receipt of the notices.

underlying the assessments of the tax in question.  However, petitioner does not question whether all of the steps had been taken or performed.  Instead, he argues that documents used by respondent to provide petitioner with notice were not genuine or authentic, and accordingly, do not meet the statutory requirements.

Petitioner contends that the Form 4340 is insufficient to prove that proper notice was given and that the assessments were valid.  Form 4340 has been generally accepted by courts to show that a valid assessment has been made within the meaning of section 6203.  Hefti v. IRS, 8 F.3d 1169 (7th Cir. 1993); Farr v. United States, 990 F.2d 451, 454 (9th Cir. 1993); Geiselman v. United States, 961 F.2d 1 (1st Cir. 1992); Davis v. Commissioner, supra.  Petitioner has raised superficial questions and made conclusory allegations regarding the assessment (such as whether respondent used the proper form), but he has not shown any substantive or meaningful irregularity in the assessment process. See Nicklaus v. Commissioner, 117 T.C. 117, 121 (2001); Berkey v. IRS, 88 AFTR 2d 2001-6530, 2001-2 USTC par. 50,708 (E.D. Mich. 2001).

Petitioner also complains that he did not receive a notice and demand.  This contention, however, is similar to the others made by petitioner; i.e., he does not question whether he actually received various documents from respondent, but he

questions whether respondent used the particular form that petitioner argues must be used for the notice and demand to be valid.  In that regard, section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement.  Wagner v. Commissioner, T.C. Memo. 2002-180; see also Roberts v. Commissioner, 118 T.C. 365, 371 (2002).  In addition, it has been held that "'[t]he form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required under * * * [section 6303].'"  Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992) (quoting Elias v. Connett, 908 F.2d 521, 525 (9th Cir. 1990)); Planned Invs., Inc. v. United States, 881 F.2d 340, 344 (6th Cir. 1989).

In addition, respondent is not required to prove receipt by petitioner of notice and demand, but need only show that the notices and demand were sent to petitioner's last known address. United States v. Chila, 871 F.2d 1015, 1019 (11th Cir. 1989); Pursifull v. United States, 849 F. Supp. 597, 601 (S.D. Ohio 1993), affd. 19 F.3d 19 (6th Cir. 1994).

Finally, Form 4340 may be relied upon to show that notice and demand was mailed to a taxpayer.  Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993); United States v. Chila, supra. Respondent's failure to produce a copy of the notice and demand document is not conclusive, "because the notices are computer

generated and do not exist in hard copy." <u>Pursifull v. United States</u>, <u>supra</u> at 601; <u>Bassett v. United States</u>, 782 F. Supp. 113, 117 (M.D. Ga. 1992). Accordingly, we hold that respondent did not abuse his discretion with respect to the determination to proceed with collection.

Respondent has also moved that petitioner be held liable for a penalty under section 6673 on the ground that his arguments are frivolous and that he instituted and maintained this proceeding primarily for delay. Section 6773 provides that this Court may impose a penalty, not to exceed $25,000, where it is found that a taxpayer's position in the proceeding is frivolous and/or that the proceeding was instituted and maintained primarily for delay. Section 6673 penalties may be imposed in a lien and levy case. <u>Pierson v. Commissioner</u>, 115 T.C. 576, 580-581 (2000).

In addition to questioning the authenticity of respondent's documentation, petitioner has interposed other protester arguments which have, on numerous occasions, been rejected by the courts. In order to support his arguments, petitioner has selectively picked phrases out of context from statutes and/or opinions. In so doing, petitioner has chosen to ignore more current or complete statements of the law. Petitioner has ignored the rules and regulations and contends that he is not required to comply with or pay attention to respondent's letters and determinations. Petitioners' arguments are superficial and

without substance.

Under these circumstances, we hold that petitioner's position in this proceeding is frivolous and that it has been interposed primarily to protest the tax laws of this country and/or to delay collection activity by respondent. Accordingly, we hold that petitioner is liable for a $4,000 penalty under section 6673(a)(1).

To reflect the foregoing,

<u>An Order and Decision will be entered granting respondent's motion for summary judgment.</u>