T.C. Memo. 2003-144

UNITED STATES TAX COURT

ROBERT D. HILL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6814-02.                    Filed May 20, 2003.

Robert D. Hill, pro se.

Erin K. Huss, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

LARO, Judge:  Petitioner petitioned the Court to redetermine

the following determinations as to his 1999 taxable year:

| Deficiency | Addition to Tax Sec. 6651(a)(1) | Accuracy-Related Penalty Sec. 6662(a) |
| --- | --- | --- |
| $35,568 | $7,113.60 | $7,113.60 |

We decide as to that year:

1.  Whether petitioner failed to include in his gross income self-employment income of $106,077 and a tax refund of $266.  We hold he did.

2.  Whether petitioner is liable for self-employment tax on his self-employment income.  We hold he is.

3.  Whether petitioner is liable for the addition to tax and the accuracy-related penalty.  We hold he is.

4.  Whether we shall impose a penalty on petitioner under section 6673 for advancing frivolous and/or groundless claims. We shall impose a penalty of $15,000.

Section references are to the applicable versions of the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Some facts were stipulated.  The stipulated facts and the exhibits submitted therewith are incorporated herein by this reference.  We find the stipulated facts accordingly.  Petitioner resided in Sedona, Arizona, when he petitioned the Court.

During 1999, petitioner was a self-employed salesperson for London Bridge Resort LLC (LLC).  In that capacity, he solicited individuals and entities to purchase timeshare interests in the London Bridge Resort Time Share Condominium.  LLC generally compensated petitioner for his services by paying to him

commissions on the interests that he sold.  Petitioner's written contract as to those services provided that petitioner would not be considered by the parties thereto to be an employee but an independent contractor.  The contract also provided that petitioner was fully responsible for the Federal, State, and local taxes and Social Security contributions payable with respect to those services.  During 1999, petitioner received $106,077 from LLC.  Petitioner also received a tax refund of $266 from the State of California during that year.

Petitioner filed his 1999 Federal income tax return on December 14, 2000, and reported therein that he had "zero" income and "zero" tax.  He attached a letter to his return indicating, among other things, that he was unaware of any section of the Internal Revenue Code which established an income tax liability.  This letter was similar to tax protester letters we have seen in other cases, e.g., Copeland v. Commissioner, T.C. Memo. 2003-46, and Smith v. Commissioner, T.C. Memo. 2003-45.

On March 21, 2001, respondent sent to petitioner a letter advising him that his tax-reporting position was frivolous and giving him the opportunity to correct his position in order to avoid imposition of frivolous return penalties under section 6702.  On April 1, 2001, petitioner responded to respondent's letter.  Petitioner stated in part:

> The only Code sections identified in the 1040´s
> Privacy Act Notice as allegedly applying to income

taxes are Code Sections 6001, 6011, and 6012 and none
of them identifies any statute which makes me "liable"
for income taxes, requires me "to pay" such a tax; *__or
requires me to accurately "self-assess" myself with any
such tax.__*

*       *       *       *       *       *       *

Code Section 6011 states, "When required by regulation
... any person made liable for any tax..." shall do
certain things.  However, like Code Section 6001,
Section 6011 does not even mention income taxes, let
alone *__identify any regulation__* that "requires" me to do
anything with respect to income taxes.

*       *       *       *       *       *       *

    And Code Section 6012 does not even contain the
word "liability", "liable", or "self-assessment";
therefore, this section can have nothing to do with
making me "liable" for income taxes or putting me on
notice that I required [sic] to "self-assess" myself.

*       *       *       *       *       *       *

    In addition your letter claiming that I had filed
a "frivolous" income tax return made no mention at all
of my claims (let alone refute them) that:

    1.  No Section of the Internal Revenue Code makes
me "liable" for income taxes.

    2.  "Income" is not defined in the Code.

    3.  The Supreme Court defined "income" as being a
corporate profit.  And

    4.  Since I know the constitutional definition of
"income", if I were to swear under penalty of perjury
to receiving anything other than "zero" income, I would
be swearing falsely, and thus I would be committing
perjury under at least two statutes.

On October 15, 2001, respondent sent to petitioner a letter

informing him about changes which respondent proposed to make to

petitioner's 1999 return.  These changes included the unreported

income of $106,077 and of $266. The letter also reflected an addition to tax of $7,113.60 under section 6651(a)(1) for failure to file timely his 1999 return and an accuracy-related penalty of $7,113.60 under section 6662(a) and (b)(1) for negligence. On October 24, 2001, petitioner acknowledged the receipt of respondent's letter. In an attachment to his response, petitioner stated in part:

> This is in reply to your letter of Oct. 15th 2001 in which you notified me that "We have changed/adjusted your return."
>
> *     *     *     *     *     *     *
>
> You have no legal authority to "change/adjust" my return, nor to assess any amount other than what is shown on my return, and if any IRS employee attempts to do otherwise, they will do so at their own criminal and/or civil peril.

Petitioner's statements in the attachment are similar to the tax protester statements contained in a letter sent by the taxpayer in Kaye v. Commissioner, T.C. Memo. 2003-74. The other correspondence in the record between petitioner and respondent also includes tax protester statements advanced by petitioner.

OPINION

A. Burden of Proof

Respondent's determinations of deficiencies in the notice of deficiency are presumed correct, and petitioner bears the burden of proving those determinations wrong. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491 shifts to the

Commissioner the burden of proof as to determined deficiencies when the taxpayer establishes that he or she met certain requirements. Petitioner has not established that he has met those requirements.

Section 7491(c) requires that the Commissioner bear the burden of production as to the additions to tax and penalties. In order to meet this burden, the Commissioner must present evidence indicating that it is appropriate to impose an addition to tax or a penalty. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001). Once the Commissioner meets his burden of production, the taxpayer must come forward with evidence sufficient to persuade a Court that the Commissioner's determination is incorrect. Id.

B. Whether Petitioner Had Unreported Income

In his petition, petitioner asserted that respondent erred in attributing income to petitioner which he did not receive "for any taxable source within or without the United States". We disagree that respondent erred as asserted. First, petitioner received $106,077 from LLC during 1999. Under section 61(a), this amount, which is an accession to petitioner's wealth, is includable in his gross income absent a determination that it falls within a statutory exclusion. Sec. 61(a); United States v. Burke, 504 U.S. 229, 233 (1992); Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 431 (1955). Petitioner has failed to present

any evidence or credible argument that this income was not taxable to him for the subject year. Respondent, on the other hand, clearly established that petitioner was self-employed during 1999 and that he received the above-referenced amount in connection with his self-employment business. That evidence includes: (1) A copy of petitioner's realtor's license; (2) a copy of an independent contractor's contract between petitioner and Queen's Bay, the owner and developer of the London Bridge Resort Time Share Condominium; and (3) a payroll check register of LLC indicating that LLC paid petitioner during the relevant year for his services. The record also includes the testimony of the custodian of records of LLC to the effect that petitioner provided services for and received income from LLC.

Second, petitioner received a tax refund of $266 from the State of California. Under the tax benefit rule, State income tax refunds are taxable if the amount of the tax refund was deducted in a prior year and the deduction resulted in a reduction of tax for that year. Sec. 111; Kadunc v. Commissioner, T.C. Memo. 1997-92; sec. 1.111-1(a), Income Tax Regs. The amount of the refund is taxable to petitioner absent his proving to the contrary. Petitioner has failed to present any evidence or testimony to the effect that the amount of this tax refund was not taxable to him for the subject year.

We sustain respondent's determination as to both items of unreported income. In so doing, we note without further comment that we consider it proper for respondent to have determined this unreported income from the information received from the third parties. E.g., Parker v. Commissioner, 117 F.3d 785 (5th Cir. 1997); see also Hardy v. Commissioner, 181 F.3d 1002, 1005 (9th Cir. 1999), affg. T.C. Memo. 1997-97.

C.    Whether Petitioner Is Liable for Self-Employment Tax

Section 1401 imposes a tax on the self-employment income of every individual for old age, survivors, disability insurance, and hospital insurance. Sec. 1401(a) and (b); Schelble v. Commissioner, 130 F.3d 1388, 1391 (10th Cir. 1997), affg. T.C. Memo. 1996-269; sec. 1.1401-1(a), Income Tax Regs. Self-employment income includes the net earnings from self-employment derived by an individual during the taxable year. Sec. 1402(b). For purposes of the self-employment tax, the term "net earnings from self-employment" is the gross income derived by an individual from any trade or business carried on by such individual, reduced by, inter alia, the deductions attributable to the trade or business. Sec. 1402(a); sec. 1.1402(a)-1, Income Tax Regs. Petitioner has failed to disprove that his earnings were "net earnings from self-employment" within the meaning of section 1402(a). Accordingly, we sustain respondent's

determination that petitioner is liable for self-employment tax. See Rule 142(a).

D.   Addition to Tax and Accuracy-Related Penalty

1.   Addition to Tax

Section 6651(a)(1) imposes an addition to tax for failing to file timely a required Federal income tax return, unless it is shown that the failure was due to reasonable cause and not to willful neglect.  Petitioner was required to file a Federal income tax return for the subject year.  Secs. 6012, 6072.

Respondent met his burden of production as to this addition to tax in that respondent introduced (and the Court admitted) into evidence documentation establishing that petitioner filed his 1999 income tax return untimely.  Petitioner, in turn, has failed to meet his burden of proof.  Petitioner has neither asserted nor introduced any evidence indicating that he filed his return untimely for cause that is reasonable.  We hold that petitioner is liable for the addition to tax under section 6651(a)(1).  See United States v. Boyle, 469 U.S. 241, 245 (1985); Cluck v. Commissioner, 105 T.C. 324, 338-339 (1995).

2.   Accuracy-Related Penalty

Section 6662(a) and (b)(1) imposes a penalty equal to 20 percent of the amount of an underpayment attributable to negligence or disregard of rules or regulations.  In this context, negligence includes any failure to make a reasonable

attempt to comply with the provisions of the Internal Revenue Code and any failure to exercise ordinary and reasonable care in the preparation of a tax return. Sec. 6662(c); ASAT, Inc. v. Commissioner, 108 T.C. 147, 175 (1997); sec. 1.6662-3(b)(1), Income Tax Regs. An accuracy-related penalty under section 6662(a) does not apply to any part of an underpayment if the taxpayer shows that there was reasonable cause for that part and that the taxpayer acted in good faith. Sec. 6664(c)(1).

Petitioner's failure to report any income and reliance on frivolous arguments are not what a reasonable and prudent person would do under the circumstances. We sustain respondent's determination as to this issue.

E.   Penalty Under Section 6673(a)

Respondent moved the Court to impose a penalty under section 6673(a). Respondent asserts that petitioner's position in this case is frivolous and groundless. Respondent also asserts that petitioner instituted this proceeding primarily for the purpose of delay.

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty of up to $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless. Petitioner did not offer any evidence at trial, nor did he

otherwise make any legitimate attempt to prove respondent's determinations wrong. Petitioner was warned by respondent before trial, and he was warned by the Court during trial, that his position (or lack thereof) was without merit and could subject him to a penalty of up to $25,000 under section 6673(a). Notwithstanding the fact that we previously sanctioned petitioner in Hill v. Commissioner, T.C. Memo. 2002-272, for $3,500, petitioner continues to pursue his frivolous and/or groundless arguments. Petitioner has disregarded these warnings and has consumed wastefully the time, resources, and effort of the Court. We conclude from the record that petitioner's positions in this proceeding are frivolous and without merit. We also conclude from the record that petitioner has instituted and maintained this proceeding primarily for delay. Pursuant to section 6673(a), we require petitioner to pay to the United States a penalty of $15,000.[1]

---

[1] We note that petitioner has two more cases before the Court (docket Nos. 8690-02 and 14771-02).

We have considered all arguments made by the parties and have found those arguments not discussed herein to be irrelevant and/or without merit.  To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.