T.C. Memo. 2004-223

UNITED STATES TAX COURT

RICHARD HAMZIK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4171-04L.            Filed October 5, 2004.

Richard Hamzik, pro se.

<u>Wendy S. Harris</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  Petitioner, while residing in Gardnerville,
Nevada, petitioned the Court under section 6330(d)(1)(A) to
review the determination of respondent's Office of Appeals
(Appeals) that respondent may proceed with a levy upon
petitioner's property to collect petitioner's 1999 Federal income

tax liability.[1]  Respondent currently moves the Court for summary judgment and to impose a penalty under section 6673.  Respondent attached to his motion the declaration of his counsel, Wendy S. Harris, and 11 exhibits.

Petitioner filed with the Court a response (response) to respondent's motion and attached to the response one exhibit. The response states that petitioner disputes as a factual matter that he has a deficiency for 1999 and references the attached exhibit, a 1999 Form 1040, U.S. Individual Income Tax Return, that petitioner recently prepared to support his claim in the response that he overpaid his 1999 Federal income tax. Respondent previously issued to petitioner a notice of deficiency for 1999.  Petitioner did not petition this Court with respect to that notice, and he does not in the response dispute that he had an opportunity to challenge his 1999 liability before commencing the section 6330 proceeding as to that year.  The response also sets forth numerous assertions concerning our Federal income tax system.  Those assertions include petitioner's claim that he is not a taxpayer and does not have any income that may be taxed; that respondent is not authorized to determine a deficiency; that petitioner is not a taxpayer and, thus, does not have a "deficiency" within the meaning of that word; that respondent is

_____

[1] Section references are to the applicable versions of the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

not authorized to prepare a substitute return under section 6020;
that petitioner at a section 6330 hearing may compel the
production of documents from respondent; and that Appeals at his
section 6330 hearing improperly relied upon Form 4340,
Certificate of Assessments, Payments and Other Specific Matters.

Summary judgment is intended to expedite litigation and
avoid unnecessary and expensive trials.  Fla. Peach Corp. v.
Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be
granted with respect to all or any part of the legal issues in
controversy "if the pleadings, answers to interrogatories,
depositions, admissions, and any other acceptable materials,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that a decision may be
rendered as a matter of law."  Rule 121(a) and (b); Sundstrand
Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965
(7th Cir. 1994).

The moving party bears the burden of proving that there is
no genuine issue of material fact, and factual inferences are
drawn in a manner most favorable to the party opposing summary
judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985);
Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).  In responding
to a motion for summary judgment, a nonmoving party such as
petitioner must do more than merely allege or deny facts.  The
nonmoving party must "set forth [in his response] specific facts

showing that there is a genuine issue for trial.  If the * * * [nonmoving] party does not so respond, then a decision, if appropriate, may be entered against such party."  Rule 121(d); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

On the basis of the record at hand, we conclude that this case is ripe for summary judgment in that petitioner has failed in his response to show any genuine issue for trial.  While petitioner's response attempts to place before the Court a factual issue as to the existence or validity of petitioner's underlying tax liability for 1999, petitioner is precluded by statute from raising that issue in this proceeding.  See sec. 6330(c)(2)(B); see also Nestor v. Commissioner, 118 T.C. 162, 165-166 (2002); Michael v. Commissioner, T.C. Memo. 2003-26; Hack v. Commissioner, T.C. Memo. 2002-243.  As to petitioner's other arguments, all of those arguments are characteristic of shopworn tax-protester rhetoric that has been universally rejected by this and other courts.  E.g., United States v. Hanson, 2 F.3d 942, 945 (9th Cir. 1993); Wilcox v. Commissioner, 848 F.2d 1007 (9th Cir. 1988), affg. T.C. Memo. 1987-225; Cook v. Spillman, 806 F.2d 948 (9th Cir. 1986); United States v. Studley, 783 F.2d 934, 937 (9th Cir. 1986); Roberts v. Commissioner, 118 T.C. 365 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Nestor v. Commissioner, supra; Davis v. Commissioner, 115 T.C. 35 (2000); Kemper v. Commissioner, T.C. Memo. 2003-195; Hill v. Commissioner, T.C.

Memo. 2003-144; <u>Michael v. Commissioner</u>, <u>supra</u>; <u>Burnett v. Commissioner</u>, T.C. Memo. 2002-181, affd. 67 Fed. Appx. 248 (5th Cir. 2003); <u>Reichenbach v. Commissioner</u>, T.C. Memo. 1995-369, affd. without published opinion 99 F.3d 1139 (6th Cir. 1996).  We shall not painstakingly address those assertions "with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984). Suffice it to say that petitioner has not persuaded us that any part of respondent's determination is incorrect.  We conclude that respondent may proceed with his proposed levy for 1999.

As to respondent's request to impose a sanction against petitioner, section 6673(a)(1) authorizes this Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in the proceeding is frivolous or groundless. We have repeatedly indicated our willingness to impose such penalties in a lien and levy review case.  E.g., <u>Roberts v. Commissioner</u>, <u>supra</u> at 372-373; <u>Pierson v. Commissioner</u>, 115 T.C. 576, 581 (2000).  In addition, we have imposed section 6673(a)(1) penalties in lien and levy review cases where, as here, the taxpayer has raised frivolous and groundless arguments as to the validity of our Federal income tax system.  See, e.g., <u>Gilligan</u>

v. Commissioner, T.C. Memo. 2004-194; Green v. Commissioner, T.C. Memo. 2003-264; Brown v. Commissioner, T.C. Memo. 2003-261; Dunham v. Commissioner, T.C. Memo. 2003-260; Hodgson v. Commissioner, T.C. Memo. 2003-122.

On the basis of the record before us, we are convinced that petitioner has instituted and maintained these proceedings primarily for delay and that he has cognizantly advanced in this proceeding only frivolous and groundless arguments.  We note four occasions on which petitioner has been informed that his arguments are groundless and/or frivolous.  First, in an Oral Opinion of this Court dated September 26, 2000, affd. Hamzik v. Commissioner, 25 Fed. Appx. 911 (9th Cir. 2001), a case that concerned petitioner's 1996 taxable year, the Court admonished petitioner that the arguments which he made there, which were similar to the arguments which he makes here, were "frivolous". The Court also informed petitioner that we would have considered imposing upon him a penalty under section 6673 had such a request been made by respondent.  Id.  Second, petitioner by his own admission (set forth in his response) acknowledges that, upon his appeal of that case to the Court of Appeals for the Ninth Circuit, the Court of Appeals sanctioned him for advancing frivolous arguments there.  Third, in Hamzik v. United States, 92 AFTR 2d 2003-5743 (Fed. Cl. 2003), a case involving petitioner's claim for refunds of 1995 and 1997 Federal income

taxes, the Court of Federal Claims dismissed petitioner's and his wife's amended complaint for failure to state a claim upon which relief can be granted.[2]  The court noted that the arguments made by petitioner and his wife in support of their amended complaint, arguments which are similar to the arguments made by petitioner here, are "commonly made by tax protestors such as plaintiffs * * * [and] have been rejected, flatly and uniformly, by other courts, and are rejected by this court as well."  Id.  Fourth, in a letter that Appeals sent to petitioner in connection with his request for a section 6330 hearing as to the subject year, among other years, Appeals informed petitioner that the arguments which he made in his request were frivolous or groundless.  Those arguments were similar to the arguments which petitioner makes here.

Petitioner's insistence in this proceeding on pursuing his fruitless arguments has consumed the valuable time and effort of this Court (and of respondent) that could have otherwise been devoted to resolving bona fide claims of other taxpayers.  See Cook v. Spillman, 806 F.2d 948 (9th Cir. 1986).  Petitioner was specifically warned by the Court of the likelihood of a penalty under section 6673 if he persisted in his frivolous arguments,

_____

[2] Respondent in his motion alleges that petitioner has another case pending before the Court of Federal Claims regarding a tax refund for 2000.  Petitioner in his response does not deny either of these assertions.

and he has persisted. Serious sanctions are necessary to deter petitioner and others similarly situated; the penalty must be substantial for it to have a deterrent effect. See <u>Takaba v. Commissioner</u>, 119 T.C. 285, 295 (2002) (citing <u>Coleman v. Commissioner</u>, 791 F.2d 68, 71 (7th Cir. 1986)). Pursuant to section 6673(a)(1), we impose against petitioner a penalty in the amount of $15,000. See <u>Brenner v. Commissioner</u>, T.C. Memo. 2004-202; <u>Hill v. Commissioner</u>, T.C. Memo. 2003-144.

<u>An appropriate order and decision will be entered for respondent</u>.