T.C. Memo. 2005-271

UNITED STATES TAX COURT

HOMER W. AND NANCY L. WINANS, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

HOMER W. WINANS, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 13984-04L, 14242-04L.[1]  Filed November 21, 2005.

Homer W. and Nancy L. Winans, pro se.

Monica J. Miller and Robert W. Dillard for respondent.

---

[1]  These cases were consolidated for trial, briefing, and opinion.  Petitioner at docket No. 14242-04L is solely Homer W. Winans.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, Judge:  Respondent sent Notices of Determination Concerning Collection Action(s) Under Section 6320[2] (Lien) and/or 6330 (Levy) to petitioners in which respondent determined that it was appropriate to file liens with respect to petitioners' unpaid income taxes for 1996-2001 and that respondent may proceed with proposed levies for the years 1999-2001.

We sustain respondent's determinations to proceed with collection of petitioners' income tax liabilities for 1996-2001.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found.

A.  Petitioners

Petitioners lived in Palm Coast, Florida, when the petitions were filed.  During the years in issue through the time of trial, Homer W. Winans (petitioner) worked as a consultant to hospitals and petitioner Nancy L. Winans (Mrs. Winans) worked as a nurse. On a date not stated in the record, petitioner filed with his employer a Form W-4, Employee Withholding Allowance Certificate, in which he claimed that he was exempt from Federal income tax withholding.

_____

[2]  Unless otherwise provided, section references are to the Internal Revenue Code as amended and in effect for the years in issue.

In 2000, petitioner received wages of $57,123.30 from KForce.com, Inc., in Tampa, Florida, and Mrs. Winans received wages of $25,540.96 from Flagler Hospital in St. Augustine, Florida.  Petitioner received wages of $86,743, $80,645, $57,019, and $66,314 during the years 2001, 2002, 2003, and 2004, respectively.  Mrs. Winans received annual wages of about $30,000 during 2001-2004.

B.   Petitioners' Income Tax Returns and Respondent's Notices of Deficiency

Petitioners filed Forms 1040, U.S. Individual Income Tax Return, for 1996-2001 in which they entered zeros for income, tax, and amount owed.  Petitioners attached to their Forms 1040 written statements consisting solely of tax-protestor rhetoric, including:  (1) No section of the Internal Revenue Code makes them liable for income tax or requires that income taxes be paid on the basis of a return; (2) the Privacy Act Notice indicates that petitioners are not required to file income tax returns; (3) no statute allows respondent to change petitioners' return; and (4) the word "income" is not defined in the Internal Revenue Code and only applies to corporate activity.

In a letter to petitioners dated January 16, 2002, respondent stated that their return for 2000 was frivolous and that they should seek advice from competent tax counsel. Respondent told petitioners the legal requirements for filing a

Federal income tax return and gave petitioners the opportunity to submit a corrected return.

Respondent determined that petitioners had unreported wage and self-employment income based on third-party information returns submitted to respondent for each of the years 1996-2001. Respondent later mailed notices of deficiency to petitioners for 1996-2001. Petitioners timely received the notices of deficiency. They did not file a petition for redetermination with the Tax Court because they asserted that the notices were invalid.

C.  Respondent's Collection Notices and Petitioners' Requests for an Administrative Hearing

Respondent assessed the taxes and additions to tax determined in the notices of deficiency for 1996-2001.

On September 23, 2000, respondent mailed to petitioner a Final Notice of Intent to Levy and Notice Of Your Right to a Hearing Under Section 6330 for 1996-1998. Although petitioner contends that he submitted to respondent a Form 12153, Request for Collection Due Process Hearing, challenging the levy notice, the record does not include a copy of the request. In November 2003, respondent began to collect petitioners' unpaid taxes for 1996-1998 by levying on petitioner's wages.

In December 2003, petitioners filed with the Taxpayer Advocate Service (TAS) a Form 911, Application for Taxpayer Assistance Order, for 1996-2000. Petitioners also submitted to

the TAS a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals. In January 2004, respondent's collection division complied with a TAS request to reduce the amount that it was collecting from petitioner's wages to $500 per week. At the time of trial, respondent continued to collect approximately $500 per week from petitioner's wages.

Respondent also mailed to petitioners Notices of Federal Tax Lien Filing and Notice of Your Right to a Hearing Under Section 6320 for 1996-2001 and Notices of Intent to Levy and Notice Of Your Right to a Hearing Under Section 6330 for 1999-2001. Petitioners timely filed with respondent's Office of Appeals (Appeals Office) a Form 12153, Request for Collection Due Process Hearing, in response to each of the collection notices. Petitioners attached to each Form 12153 written statements containing only tax-protestor rhetoric.

D. Events Leading to Respondent's Collection Determinations

By letter to petitioners dated March 8, 2004, the Appeals Office generally explained the administrative process and sent Forms 4340, Certificate of Assessments, Payments, and Other Specified Matters, for the years 1996-2001. By letter to petitioners dated May 24, 2004, respondent's settlement officer said that he had reviewed and rejected their claims, and that he had verified that the assessments were proper by reviewing Forms 4340 for the years in issue. He also said that petitioners would have a brief period of time to present an alternative to the

collection actions in question.  He invited petitioners to request a date and time for a hearing.

Although petitioner informed the Appeals Office that he would write to schedule a hearing, he did not do so.  Respondent offered petitioners several opportunities to propose collection alternatives or to provide other information.  Petitioners did not do so.

E.   Respondent's Notice of Determination

On July 6, 2004, respondent's Appeals Office sent to petitioners a joint Notice of Determination Concerning Collection Action(s) for 1999.  In the notice, the Appeals Office determined that the lien for 1999 was properly filed and that respondent may proceed to collect petitioners' unpaid tax for 1999 by levy.  On July 8, 2004, respondent's Appeals Office sent to petitioner a Notice of Determination Concerning Collection Action(s) for the years 1996, 1997, 1998, 2000, and 2001.  In the notice, the Appeals Office determined that the liens for each of those years were properly filed and that respondent may proceed to collect petitioner's unpaid taxes for 2000 and 2001 by levy.  Petitioners filed timely petitions challenging the notices described above.

F.   Mortgage Foreclosure

On January 20, 2005, Countrywide Home Loans, Inc. (Countrywide) filed a complaint against petitioners in the Circuit Court of the 7th Judicial Circuit for Flagler County,

Florida, to foreclose a mortgage.  Petitioners filed an answer and counterclaim to Countrywide's complaint.

OPINION

The issue for decision is whether respondent correctly determined to proceed with collection of petitioners' tax for 1996-2001.

A.    Petitioners' Contentions

Petitioners contend that respondent's determinations to proceed with collection should be overturned on the grounds that: (1) They never received valid notices of deficiency; (2) no section of the Internal Revenue Code makes them liable for Federal income taxes; (3) respondent failed to give them a notice and demand for payment of the taxes in question; (4) respondent failed to give them verification that all applicable laws and administrative procedures were followed in this matter; and (5) collection of the taxes in question would impose an undue hardship on them.

B.    Discussion

1.    Whether Petitioners Received Valid Notices of Deficiency

Although petitioners stipulated that they received notices of deficiency for 1996-2001, they contend that the notices were invalid.  Petitioners contend that they were improperly precluded from challenging their underlying tax liability for tax years 1996-2001.  They base this contention on their claim that the notices of deficiency they received were not valid because the

Secretary did not prepare or issue the notices of deficiency and because petitioners did not receive a copy of the order delegating authority from the Secretary to the Director of the Service Center who prepared and issued the notices.

Petitioners' contention lacks merit. The Secretary or his or her delegate may issue notices of deficiency. Secs. 6212(a), 7701(a)(11)(B) and (12)(A)(i); see Nestor v. Commissioner, 118 T.C. 162, 165-166 (2002). The Secretary's authority to issue notices of deficiency was delegated to the District Director and also to the Director of the Service Center who issued the notices of deficiency in this case. See Nestor v. Commissioner, supra; Stamos v. Commissioner, 95 T.C. 624, 630-631 (1990), affd. without published opinion 956 F.2d 1168 (9th Cir. 1992); Kellogg v. Commissioner, 88 T.C. 167, 172 (1987); Perlmutter v. Commissioner, 44 T.C. 382, 385 (1965), affd. 373 F.2d 45 (10th Cir. 1967); secs. 301.6212-1(a), 301.7701-9(b), Proced. & Admin. Regs. A taxpayer may contest the existence or amount of his or her underlying tax liability at a section 6330(b) hearing only if the taxpayer did not receive a notice of deficiency for or otherwise have an opportunity to dispute that tax liability. Sec. 6330(c)(2)(B); Goza v. Commissioner, 114 T.C. 176, 182 (2000). Section 6330(c)(2)(B) bars petitioners from contesting the existence or amount of their tax liabilities for 1996-2001 in

this proceeding because they received notices of deficiency for those years.[3]

2.  <u>Whether Respondent Is Required To Identify for Petitioners Internal Revenue Code Sections Which Make Them Liable for Federal Income Tax</u>

Petitioners contend that respondent is required to tell them which Internal Revenue Code sections make them liable for Federal income tax.  We disagree.  Respondent is not required to identify the Code sections which establish petitioners' liability for tax, additions to tax, or penalties.  See <u>Nestor v. Commissioner</u>, <u>supra</u> at 167.

3.  <u>Whether Respondent Issued a Valid Notice and Demand for Payment for Each Year In Issue</u>

Petitioners contend that respondent did not issue a valid notice and demand for payment for each year in issue.  We disagree.

Section 6330(c)(1) does not require the Commissioner to use any particular document to meet the notice and demand requirement.  <u>Kaye v. Commissioner</u>, T.C. Memo. 2003-74; <u>Wagner v. Commissioner</u>, T.C. Memo. 2002-180; see also <u>Roberts v. Commissioner</u>, 118 T.C. 365, 371 (2002).  The form on which a notice of assessment and demand for payment is made is irrelevant

---

[3]  Petitioners may not contend that they did not receive self-employment income because they may not dispute the underlying tax liability.  Moreover, petitioners' assertion that no provision of the Internal Revenue Code makes them liable for Federal income taxes is frivolous.

as long as it gives the taxpayer the information required under section 6303. <u>Hughes v. United States</u>, 953 F.2d 531, 536 (9th Cir. 1992).

Respondent is required to show that the notices and demand were sent to petitioners' last known address, not that petitioners received them. <u>United States v. Chila</u>, 871 F.2d 1015, 1019 (11th Cir. 1989); <u>Pursifull v. United States</u>, 849 F.Supp. 597, 601 (S.D. Ohio 1993), affd. 19 F.3d 19 (6th Cir. 1994); <u>Kaye v. Commissioner</u>, <u>supra</u>. Respondent may rely on Form 4340 to show that notice and demand was mailed to petitioners. <u>Hansen v. United States</u>, 7 F.3d 137, 138 (9th Cir. 1993); <u>United States v. Chila</u>, <u>supra</u>.

The record includes a notice and demand for each year in issue. The Forms 4340 show that respondent sent to petitioners notices of balance due for the tax years involved, and petitioners do not deny receiving these notices. A notice of balance due constitutes a notice and demand for payment under section 6303(a). <u>Craig v. Commissioner</u>, 119 T.C. 252, 262-263 (2002).

4. <u>Whether Respondent Is Required To Provide to Petitioners Documents From the Secretary Verifying That All Legal and Procedural Requirements Were Met</u>

Petitioners contend that respondent is required to give them documents from the Secretary verifying that all legal and procedural requirements were met. We disagree.

Internal revenue laws and regulations do not require the Appeals officer to give the taxpayer a copy of the delegation of authority from the Secretary to the person (other than the Secretary) who signed the verification required under section 6330(c)(1). Nestor v. Commissioner, supra at 166-167. Similarly, the Appeals officer is not required to give the taxpayer a copy of the verification that the requirements of any applicable law or administrative procedure have been met. Id. at 166; sec. 6330(c)(1). Sections 301.6320-1(e)(1) and 301.6330-1(e)(1), Proced. & Admin. Regs., require that the Appeals officer obtain verification before issuing the determination, not that he or she provide it to the taxpayer.

Before the trial in this case, respondent gave petitioners copies of Forms 4340 relating to their 1996-2001 tax years which showed that the amounts at issue were properly assessed. Generally, courts have held that Form 4340 provides at least presumptive evidence that a tax has been validly assessed under section 6203. See e.g., Huff v. United States, 10 F.3d 1440, 1445 (9th Cir. 1993); Hefti v. Internal Revenue Service, 8 F.3d 1169, 1172 (7th Cir. 1993); Geiselman v. United States, 961 F.2d 1, 5-6 (1st Cir. 1992); Rocovich v. United States, 933 F.2d 991, 994 (Fed. Cir. 1991); United States v. Chila, supra at 1017-1018; United States v. Miller, 318 F.2d 637, 638-639 (7th Cir. 1963); Davis v. Commissioner, 115 T.C. 35, 40-41 (2000).

Respondent properly determined that the requirements of applicable law or administrative procedures were met. Petitioners did not show that there was any irregularity in the assessment procedure that would raise a question about the validity of the assessments.

5. Hardship

At trial, petitioners contended that respondent's collection activities will impose an undue hardship on them and the matter should be remanded to respondent's Appeals Office for further consideration. We disagree.

Generally, this Court does not consider arguments, issues, or other matter known to the taxpayer but not raised during the collection hearing or otherwise brought to the attention of the Appeals Office. Magana v. Commissioner, 118 T.C. 488, 493 (2002) (taxpayer not permitted to raise in the judicial proceeding illness and hardship as defenses to the Commissioner's collection action where those matters were known to but not raised by the taxpayer during the administrative proceeding);[4] see also sec. 301.6320-1(f)(2), Q & A-F5, Proced. & Admin. Regs. Like the taxpayers in Magana, petitioners knew about their hardship claim

---

[4] Other cases so holding include Zapara v. Commissioner, 124 T.C. 223, 243 (2005); Kendricks v. Commissioner, 124 T.C. 69, 79 (2005); Keene v. Commissioner, 121 T.C. 8, 18 (2003); Washington v. Commissioner, 120 T.C. 114, 123-124 (2003); Miller v. Commissioner, 115 T.C. 582, 589 n.2 (2000), affd. 21 Fed. Appx. 160 (4th Cir. 2001).

during the administrative process and could have but did not raise it.

The settlement officer assigned to petitioners' case offered petitioners several opportunities to propose collection alternatives or to provide other pertinent information. However, petitioners responded with nothing but frivolous arguments. Petitioners did not make an offer in compromise, offer to pay their delinquent taxes under an installment plan, or tell the settlement officer that petitioner had requested assistance on hardship grounds from the Taxpayer Advocate Service. Petitioners did not give the Appeals Office the opportunity to conduct an independent review of their financial circumstances. Other than submitting a copy of the Countrywide complaint, petitioners offered the Court no support for their hardship claim.

Petitioners are in their late 50s and have both been gainfully employed in recent years. There is no indication (a) how petitioners used the funds that should have been withheld from petitioner's wages, (b) that petitioners have dependents or unusual financial demands, or (c) that the proposed collection actions would cause petitioners to be unable to pay their reasonable basic living expenses. See sec. 301.6343-1, Proced. & Admin. Regs.

7.  <u>Conclusion</u>

Petitioners had the opportunity to present information relating to financial hardship at the administrative and judicial stages of this cases, but preferred to make frivolous arguments. We sustain respondent's determinations.

To reflect the foregoing,

<u>Decisions will be entered for respondent.</u>