T.C. Memo. 2005-62

UNITED STATES TAX COURT

JONATHAN KAPLOWITZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 542-04L.                    Filed March 29, 2005.

Jonathan Kaplowitz, pro se.

<u>Sandra K. Reid</u> and <u>Monica J. Miller</u>, for respondent.

MEMORANDUM OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before
the Court on respondent's motion to dismiss for failure to state
a claim upon which relief can be granted pursuant to Rule 40 and
petitioner's motion for partial summary judgment.[1]

---

[1] Section references are to sections of the Internal
(continued...)

Background[2]

Petitioner failed to file Federal income tax returns for the taxable years 1996 through 2000. A notice of deficiency was issued on June 19, 2002, determining deficiencies and additions to tax for the taxable years 1996 through 2000. Petitioner received the notice of deficiency and acknowledged receipt to representatives of respondent. A timely petition was not filed with this Court in response to the June 19, 2002, notice of deficiency. The deficiencies, additions to tax, and interest were assessed on November 11, 2002.

On August 21, 2003, respondent mailed a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing with regard to petitioner's tax liabilities for 1996 through 2000. Petitioner submitted a timely request for hearing. Petitioner was advised by the Appeals officer that the issue of the underlying tax liability would not be the subject matter of the hearing. See sec. 6330(c)(2)(B). Petitioner was also advised that respondent could consider collection alternatives and that

---

[1](...continued)
Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The background factual information is derived from respondent's determination letter dated Dec. 16, 2003. Petitioner does not appear to dispute the factual narrative provided by the IRS Appeals officer with respect to the failure to file returns, the issuance of a notice of deficiency and a final notice of intent to levy, and the subsequent hearing held with the Appeals officer.

petitioner should file tax returns for the years in issue.  A
hearing was conducted with the Appeals officer, and petitioner
presented arguments that he was not subject to income tax and
that there were defects in respondent's procedures.

On December 16, 2003, respondent issued to petitioner a
Notice of Determination Concerning Collection Action(s) Under
Section 6320 and/or 6330.  The notice states that the Appeals
Office determined that it was appropriate to proceed with
collection for 1996 through 2000 as follows:

| Year | Unpaid Liability[1] |
|------|------------------|
| 1996 | $11,562.07 |
| 1997 | 41,312.05 |
| 1998 | 31,040.43 |
| 1999 | 40,107.43 |
| 2000 | 25,793.49 |

[1] Calculated through Nov. 30, 2003.

The letter advised, among other things, that petitioner could be
subject to sanctions pursuant to section 6673(a) for instituting
or maintaining an action primarily for delay or taking a position
that is frivolous or groundless.

On January 12, 2004, petitioner filed with the Court a
petition for lien or levy action seeking review of respondent's
notice of determination.  At the time that the petition was
filed, petitioner resided in Maitland, Florida.

The petition asserts as error that "a) Failure of the hearing officer to consider denial of due process at the examination interview, an evidentiary hearing; b) Failure of the hearing officer to consider procedural errors committed by the Examinations Division in creating the Report of Tax Changes." In paragraph 5 of the petition, petitioner asserts facts that he relies on, such as, that he was a "Citizen of the United States of America", that he was not engaged in interstate commerce, that he is a natural person, that he has a Sixth Amendment right to refute, confront, and cross-examine witnesses, that petitioner was denied an opportunity during the examination process to raise a defense against erroneous testimony, that there was no opportunity to cross-examine witnesses related to documents used by the examiner, and that he effectively did not have an opportunity to dispute the tax liability.

Respondent filed a motion to dismiss for failure to state a claim. Respondent contends that petitioner is barred under section 6330(c)(2)(B) from challenging the existence or amount of his tax liability in this proceeding because he received a notice of deficiency and failed to file a timely petition in response thereto.

After the petition was filed in response to the determination letter, respondent filed an answer. Petitioner filed a lengthy reply which contains primarily frivolous

objections.  Since that time, petitioner has filed numerous lengthy motions and documents with the Court espousing frivolous positions.  Many of the motions have previously been denied.  The Court set for hearing:  (1) Respondent's motion to dismiss for failure to state a claim and (2) petitioner's motion for partial summary judgment.[3]

On February 9, 2005, the Court ordered petitioner to show cause in writing on or before March 4, 2005, why a penalty should not be imposed pursuant to section 6673(a).

On February 22, 2005, petitioner filed a Verified Motion for Ruling on Petitioner's Motion to Set Aside Defaults Against the petitioner Docketed on July 8, 2004, and a Verified Motion for Findings of Fact and Conclusions at Law.  On February 23, 2005, petitioner filed a Motion to Postpone Answer to Order of February 9, 2004 Until Court Rules on Petitioner's Motion to Set Aside IRS Default Against Petitioner.  All three motions contain frivolous allegations and were summarily denied.  In response to the Order to show cause, petitioner filed a document entitled "Verified Answer to Order to Show Cause Why Penalty Should Not Be Imposed." The document is replete with frivolous allegations.[4]

---

[3]  In October 2004, petitioner filed a petition for writ of mandamus with the U.S. Court of Appeals for the 11th Circuit. The writ was denied on Dec. 21, 2004.

[4]  On the same date petitioner filed a "Verified Motion to Certify Issues for Review by the U.S. Court of Appeals for the

(continued...)

Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property. Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing. In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of

_____

[4](...continued)
Eleventh Circuit". This motion also contained nothing but frivolous allegations and was summarily denied.

collection.  Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an opportunity to dispute the tax liability.  See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra.  Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

Petitioner first contends that he was unlawfully denied the opportunity to challenge the existence or amount of his tax liabilities for the years in question.  The record in this case shows otherwise.  As was the case in Goza v. Commissioner, supra, petitioner received a notice of deficiency for the years in issue and failed to file a timely petition for redetermination with this Court.  It follows that section 6330(c)(2)(B) bars petitioner from challenging the existence or amount of the underlying tax liability in this collection review proceeding. Even if petitioner were permitted to challenge the underlying tax liability, his arguments are clearly frivolous.

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded.  Rule 331(b)(4).  Further,

the nature of the Appeals Office hearing does not include the taking of testimony under oath or the compulsory attendance of witnesses.  Davis v. Commissioner, supra at 41-42.  In the absence of a justiciable issue for review, we conclude that petitioner has failed to state a claim for relief, and we shall therefore grant respondent's motion to dismiss.  See Jackson v. Commissioner, T.C. Memo. 2002-100; Yacksyzn v. Commissioner, T.C. Memo. 2002-99; Weishan v. Commissioner, T.C. Memo. 2002-88, affd. 66 Fed. Appx. 113 (9th Cir. 2003).

Petitioner's motion for partial summary judgment does not raise any justiciable issues.  Essentially, petitioner asserts many of the same frivolous positions set forth in his numerous documents filed with the Court.  The U.S. Court of Appeals for the Fifth Circuit stated:  "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit."  Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).  Suffice it to say that petitioner is a taxpayer who is subject to the Federal income tax on his wages and other sources of income.  See secs. 1(c), 61(a)(1), (11), 7701(a)(1), (14); Nestor v. Commissioner, 118 T.C. 162, 165 (2002), supplemented by T.C. Memo. 2002-251.  We shall deny petitioner's motion for partial summary judgment.

Section 6673(a) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. Petitioner was specifically warned of the likelihood of a penalty under section 6673 if he persisted in his frivolous arguments. Petitioner was ordered to show cause why a penalty under section 6673(a) should not be imposed. Petitioner's response was frivolous. Further, subsequent to the issuance of the Order to show cause petitioner filed four separate motions, all of which are frivolous. Petitioner has persisted. Serious sanctions are necessary to deter petitioner and others similarly situated. Takaba v. Commissioner, 119 T.C. 285, 295 (2002); Hamzik v. Commissioner, T.C. Memo. 2004-223. We shall impose a penalty on petitioner pursuant to section 6673(a) in the amount of $15,000.

To reflect the foregoing,

An appropriate order and decision will be entered.