T.C. Summary Opinion 2006-68

UNITED STATES TAX COURT

GERALD R. TASSIELLI, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 22326-04S.                Filed April 26, 2006.

Gerald R. Tassielli, pro se.

<u>Daniel J. Parent</u>, for respondent.

PANUTHOS, <u>Chief Special Trial Judge</u>: This case was heard pursuant to the provisions of sections 6330(d) and 7463 of the Internal Revenue Code in effect when the petition was filed. The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority. Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect at relevant times.

This proceeding arises from a petition for judicial review filed in response to a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) sent to petitioner on October 27, 2004. The issue for decision is whether respondent abused his discretion in determining that the proposed levy action should proceed regarding petitioner's unpaid Federal income tax and related liabilities for 1999.

## Background

Some of the facts have been stipulated, and they are so found. The record consists of the stipulation of facts with attached exhibits and the testimony of petitioner. At the time of filing the petition, petitioner resided in San Ramon, California.

On his 1999 Federal income tax return, petitioner claimed an overpayment of $11,198. Respondent determined that petitioner's tax return contained mathematical or clerical errors and adjusted his personal exemption and itemized deductions. After adjustments, respondent determined that petitioner's overpayment was $10,566.26.[1] Respondent assessed additional tax resulting

_____

[1] Respondent did not refund the overpayment to petitioner. Instead, respondent applied $6,195.86 to petitioner's unpaid tax liability for 1997 and $4,370.40 to his unpaid tax liability for 1998.

from the adjustments and notified petitioner of the changes to his tax return on February 5, 2001.

Several months later, respondent determined a $9,823 deficiency for petitioner's taxable year 1999. The deficiency was attributable solely to alternative minimum tax (AMT).[2] Respondent issued petitioner a notice of deficiency on December 18, 2001, which states in part: "If you want to contest this determination in court before making payment, you have until * * * 90 days from the date of this letter * * * to file a petition with the United States Tax Court." The notice of deficiency explains how to obtain a petition and provides the Tax Court's mailing address.

On March 18, 2002, petitioner sent a letter to the Internal Revenue Service in Philadelphia, Pennsylvania, along with a copy of the notice of deficiency. The letter states: "I do not agree with the action taken against me reflected in the accompanying letter. Hence, I would like to petition the U.S. Tax Court. I want to contest this claim." Petitioner did not send a copy of the letter to the Tax Court. Respondent sent petitioner a letter dated March 26, 2002, informing petitioner that if he wished to challenge respondent's determination, he must follow the instructions contained in the notice of deficiency. Petitioner

---

[2] Petitioner's 1999 tax return did not include a computation of his AMT liability.

did not file a petition with the Tax Court based on that notice of deficiency.

On December 18, 2003, respondent sent petitioner a Final Notice Of Intent To Levy And Notice Of Your Right To A Hearing. Petitioner timely submitted a Form 12153, Request for a Collection Due Process Hearing. During the administrative hearing with respondent's Appeals Office, petitioner raised two issues: (1) He disagreed with respondent's calculation of his AMT liability; and (2) he disputed respondent's right to issue a notice of deficiency after previously adjusting his tax return based on mathematical or clerical errors. Petitioner did not raise a spousal defense or offer a collection alternative. On October 27, 2004, respondent issued a notice of determination to petitioner sustaining the proposed levy action. The notice of determination states that the Appeals officer verified that the requirements of applicable law or administrative procedure had been met, and that the levy action balanced the need for the efficient collection of taxes with the concern that any collection action be no more intrusive than necessary.

## Discussion

Section 6331(a) authorizes the Secretary to levy upon property and property rights of a taxpayer liable for taxes who fails to pay those taxes within 10 days after the notice and demand for payment is made. Section 6331(d) provides that the

levy authorized in section 6331(a) may be made with respect to unpaid tax only if the Secretary has given written notice to the taxpayer 30 days before the levy.  Section 6330(a) requires the Secretary to send a written notice to the taxpayer of the amount of the unpaid tax and of the taxpayer's right to a section 6330 hearing at least 30 days before the levy is begun.

If a section 6330 hearing is requested, the hearing is to be conducted by the Office of Appeals, and, at the hearing, the Appeals officer conducting it must verify that the requirements of any applicable law or administrative procedure have been met. Sec. 6330(b)(1) and (c)(2).  The taxpayer may raise at the hearing "any relevant issue relating to the unpaid tax or the proposed levy."  Sec. 6330(c)(2)(A).  The taxpayer may also raise challenges to the existence or amount of the underlying tax liability at a hearing if the taxpayer did not receive a statutory notice of deficiency with respect to the underlying tax liability or did not otherwise have an opportunity to dispute that liability.  Sec. 6330(c)(2)(B); see Montgomery v. Commissioner, 122 T.C. 1 (2004).

This Court has jurisdiction under section 6330 to review the Commissioner's administrative determinations.  Sec. 6330(d); see Iannone v. Commissioner, 122 T.C. 287, 290 (2004).  When the validity of the underlying tax liability is properly at issue, we review the determination de novo.  When the underlying liability

is not properly at issue, the Court will review respondent's determination for abuse of discretion.  Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 183 (2000).  Whether an abuse of discretion has occurred depends upon whether the exercise of discretion is without sound basis in fact or law.  See Freije v. Commissioner, 125 T.C. 14 (2005); Ansley-Sheppard-Burgess Co. v. Commissioner, 104 T.C. 367, 371 (1995).

In the present case, petitioner received a notice of deficiency for the taxable year 1999.  The letter he sent respondent on March 18, 2002, was not a petition for redetermination because it was not mailed to or filed with the Tax Court.  See sec. 6213(a).  Petitioner therefore cannot challenge the existence or amount of his underlying tax liability.  See Kaplowitz v. Commissioner, T.C. Memo. 2005-62.  We review for abuse of discretion.

Petitioner has not raised a spousal defense, offered a collection alternative, or otherwise challenged the appropriateness of respondent's proposed collection action.  Petitioner's dispute with respect to his AMT liability is a challenge to his underlying tax liability, as is his contention that respondent was not permitted to issue a notice of deficiency after adjusting his tax return because of mathematical or clerical errors.  Even if petitioner were allowed to raise these

issues with the Court, he has offered no evidence to indicate that respondent incorrectly determined his AMT liability. In addition, the Government is not prohibited from issuing a notice of deficiency where it previously adjusted a taxpayer's return based on mathematical or clerical errors. See sec. 6213(b)(1); Heasley v. Commissioner, 45 T.C. 448, 457 (1966); Ciciora v. Commissioner, T.C. Memo. 2003-202.

Finally, we note that in his pretrial memorandum, petitioner argues that we should reverse respondent's determination because "the enforcement of the [AMT] results in inequities". He also contends that Congress soon will enact legislation to repeal the AMT, thereby rendering the issue in his case moot. These arguments are also challenges to petitioner's underlying tax liability. Furthermore, we have rejected challenges to the AMT based on equitable considerations, holding that such "policy issues are in the province of Congress, and we are not authorized to rewrite the statute." Kenseth v. Commissioner, 114 T.C. 399, 407-408 (2000) (and cases cited therein); see also Anthes v. Commissioner, 81 T.C. 1, 7 (1983), affd. without published opinion 740 F.2d 953 (1st Cir. 1984) ("We must apply the law as in effect during the taxable year in issue.").

Based on our review of the record, we conclude that respondent satisfied the requirements of section 6330 and did not abuse his discretion in sustaining the proposed collection action

against petitioner.   Respondent's determination therefore is sustained.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.