T.C. Memo. 2005-268

UNITED STATES TAX COURT

WESLEY SHERWOOD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21913-04L.                    Filed November 21, 2005.

Wesley Sherwood, pro se.

<u>S. Mark Barnes</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  On October 14, 2004, respondent sent
petitioner a Notice of Determination Concerning Collection
Action(s) Under Sections 6320 and/or 6330,[1] in which respondent
determined that it was appropriate to file a notice of lien with

---

[1]  Unless otherwise stated, section references are to the
Internal Revenue Code.

respect to petitioner's unpaid income taxes, penalties, and interest for 1997-2002.

The issues for decision are:

1.  Whether we have jurisdiction to review respondent's determination to proceed with collection of penalties under section 6682 for 2002 and under section 6702 for 1997-2001.  We hold that we do not.

2.  Whether petitioner may dispute his income tax liability for 1998 in this proceeding.  We hold that he may not.

3.  Whether petitioner is liable for tax in the amount respondent contends for 2001 and 2002.  We hold that he is.

4.  Whether respondent's determination that it was appropriate to file a notice of lien with respect to petitioner's income taxes, additions to tax, and penalties (other than those under sections 6682 and 6702) for 1998, 2001, and 2002 was an abuse of discretion.  We hold that it was not.

FINDINGS OF FACT

A.  <u>Petitioner</u>

Petitioner resided in Salt Lake City, Utah, when the petition was filed.  He was a driver for Viking Freight, Inc. (Viking) in 1998, for which he received wages of $50,361.82 in that year.

B.    Petitioner's 1998 Return

On April 14, 1999, petitioner signed and filed a Form 1040, U.S. Individual Income Tax Return, for 1998, in which he reported only zeros.  Petitioner attached to his 1998 return a Form W-2, Wage and Tax Statement, from Viking which stated that he had been paid $50,361.82 in wages and had no Federal income tax withheld, $3,122.43 of Social Security tax withheld, and $730.25 Medicare tax withheld.  Petitioner also attached several pages of arguments, including:  (1) No section of the Internal Revenue Code establishes an income tax liability, or requires that he pay taxes on the basis of a return; (2) he did not file his return voluntarily, he filed it to avoid prosecution; (3) the Privacy Act provides that he is not required to file a return; (4) a Form 1040 with zeros is a valid return; (5) he had no income under the definition of income in Merchant's Loan & Trust Co. v. Smietanka, 255 U.S. 509 (1921); (6) income must be defined as in the Corporation Excise Tax Act of 1909; (7) he would commit perjury if he said that he had any income in 1998; (8) no IRS employee has been delegated authority to impose a frivolous return penalty; (9) the frivolous return penalty may not be applied to him because no legislative regulation implements it; (10) respondent has not assessed income taxes for 1998 as provided in Chapter 63 of the Internal Revenue Code; (11) respondent lacks authority to change his return; and (12) petitioner is entitled

to an office or field audit as required by the Administrative Procedure Act and Treasury regulations.

C.  Respondent's Examination of Petitioner's 1997 and 1998 Returns

On June 1, 1999, respondent sent petitioner a 30-day letter and an examination report in which respondent proposed changes for petitioner's 1997 return.  In the letter, respondent stated that the U.S. Supreme Court has consistently held that Federal income tax laws are constitutional and that persons who do not timely file correct tax returns are subject to penalties in addition to their tax liabilities.  On March 24, 2000, respondent sent petitioner a 30-day letter and an examination report in which respondent proposed changes for petitioner's 1998 return and reiterated that Federal income tax laws are constitutional and that penalties may apply.

On April 4, 2000, petitioner signed a power of attorney giving John B. Kotmair, Jr. (Kotmair), the fiduciary of the Save-A-Patriot Fellowship, the authority to represent him before respondent.  On April 19, 2000, Kotmair wrote to the Director of the Internal Revenue Service Center at Ogden, Utah (Ogden Service Center), to protest respondent's proposed adjustments for 1997 and 1998.  In the letter, Kotmair said that petitioner denies that he is required to file a tax return because he did not have foreign earned income and is not a nonresident alien, officer of a foreign corporation, or involved with a foreign tax exempt

organization. Kotmair asked respondent to identify the statutory authority to assess Federal income tax for 1997 and 1998.

D. Notice of Deficiency

On May 19, 2000, respondent issued a notice of deficiency for 1998 based on the Form W-2 attached to petitioner's 1998 return. In a letter to the Director of the Ogden Service Center dated June 14, 2000, Kotmair said that the notice of deficiency was invalid because it did not have a declaration under penalties of perjury or meet the requirements of sections 6211 and 6212. Kotmair attached to his letter the notice of deficiency and copies of affidavits that he had drafted to be signed by the Director of the Ogden Service Center and Commissioner of the Internal Revenue Service and notarized.

Petitioner wrote to respondent on June 16, 2000, and attached a copy of the notice of deficiency for 1998. In a letter to the Director of the Ogden Service Center dated June 28, 2000, Kotmair asked the Appeals Office to consider petitioner's tax liability for 1997. The letter included seven pages of tax protestor rhetoric. On July 3, 2000, respondent assessed frivolous return penalties in the amount of $500 under section 6702 for 1997 and 1998.

E. Respondent's Levy

On December 18, 2000, respondent sent petitioner a notice of intent to levy with respect to his 1998 tax year. The notice

stated that he owed $12,251, including $188.32 of interest, and asked him to pay that amount immediately.  On January 10, 2001, Kotmair responded to the notice of intent to levy by sending 5 pages of frivolous arguments to the Director of the Ogden Service Center.

F.   Petitioner's Tax Returns for 1999, 2000, and 2001

On March 5, 2002, petitioner filed returns on which he reported tax liabilities of $9,050 for 1999 and $11,211 for 2000. Petitioner had no Federal income tax withheld and paid no Federal income tax for 1999 or 2000.

Petitioner filed a 2001 return before April 8, 2002.  In it, he reported that he owed $9,787 in tax, had no Federal income tax withheld, and paid no Federal income tax for 2001.  Respondent assessed petitioner's Federal income tax for 2001 in the amount of $10,186[2] on April 8, 2002.  On May 13, 2002, respondent issued a notice and demand for payment of petitioner's Federal income tax for 2001.

G.   Petitioner's 2002 Tax Year

On June 9, 2003, respondent assessed against petitioner a penalty in the amount of $500 under section 6682 for submitting

---

[2]  Respondent assessed the tax that petitioner reported and did not pay and an additional amount not explained in the record.

false information with respect to petitioner's Federal income tax withholding for 2002.[3]

Petitioner filed a Federal income tax return for 2002 on August 15, 2003.  He reported that he:  (1) Had an unpaid Federal income tax liability of $9,313 for 2002; (2) had no Federal income tax withheld for 2002; and (3) paid no Federal income tax for 2002.

On September 8, 2003, respondent assessed frivolous return penalties in the amounts of $500 under section 6702 for each of petitioner's tax years 1999-2001.  On September 22, 2003, respondent assessed petitioner's Federal income tax for 2002 in the amount of $10,109.97.[4]  On October 13, 2003, respondent sent a notice and demand for payment of petitioner's Federal income tax for 2002.

H.  Notice of Tax Lien, Request for Hearing, and Later Events

By letter dated March 19, 2004, respondent told petitioner that a notice of lien had been filed with respect to assessments for unpaid tax, additions to tax, and interest for 1998, 2001, and 2002, and civil penalties under section 6682 for 2002, and

---

[3]  Sec. 6682(a) generally provides that an individual shall be liable for a civil penalty if the individual is found to have made a false statement regarding the correct amount of income tax withholding on wages and/or backup withholding and there was no reasonable basis for the statement.

[4]  Respondent assessed the amount of tax that petitioner reported but did not pay and additional amounts not explained in the record.

under section 6702 for 1997-2001. A Notice of Federal Tax Lien was recorded in Salt Lake County, Utah.

On April 22, 2004, petitioner requested a hearing under section 6330. In the hearing request, petitioner contended: (1) No lien may be imposed because no valid assessment was made; (2) he did not receive a statutory notice and demand as required; (3) the Appeals officer must, but did not, give him the Treasury directive or regulation that identifies the statutory notice and demand for payment; (4) he may challenge the underlying tax liabilities for 1998, 2001, and 2002, because he did not receive a valid notice of deficiency for any of those years; (5) he is entitled to, but did not, receive a copy of Form 23C; (6) respondent must prove that respondent mailed a notice of deficiency to him for each year in issue; and (7) the Appeals officer must have at the hearing verification signed by the Secretary showing that the requirements of any applicable law or administrative procedure have been met.

Appeals Officer Bruce Skidmore (Skidmore) was assigned to petitioner's case. On June 18, 2004, Skidmore obtained computer transcripts (transcripts) of petitioner's accounts. In a letter to petitioner dated August 30, 2004, Skidmore said: (1) He had received petitioner's request for a hearing; (2) the issues that petitioner had raised in his request for a hearing were frivolous, and he might be subject to sanctions; (3) petitioner

could have a face-to-face hearing if, within 15 days, he identified in writing relevant issues, such as appropriate spousal defenses, challenges to the appropriateness of collection actions or alternatives to collection; and (4) petitioner could dispute the amount of his tax liabilities only if he did not receive a notice of deficiency or otherwise have an opportunity to dispute the liabilities. Skidmore offered to discuss the case by telephone with petitioner at 10 a.m. on September 21, 2004, or 2 p.m. on September 28, 2004. On August 30, 2004, Skidmore obtained more transcripts of petitioner's accounts.

On September 8, 2004, petitioner wrote Skidmore to request a face-to-face hearing. Petitioner said that he intended to raise the following issues at the hearing: (1) He did not receive any notices from the Secretary; (2) no lien may be imposed because there were no statutory notices and demands for payment and no valid assessments were made; (3) persons who signed notices lacked proper delegation of authority; and (4) the Secretary did not verify that requirements of any applicable law or administrative procedure were met. In his September 8, 2004 letter, petitioner asked Skidmore for copies of: (1) Delegations of authority signed by the Secretary authorizing appropriate individuals to send deficiency notices; (2) records of assessment from the office of the Secretary; (3) the Code section and regulations that make petitioner liable for tax; (4) notices and

demands for payment; (5) documents showing that notices of deficiency were sent to petitioner; and (6) verification from the Secretary that the requirements of any applicable law or administrative procedure have been met.

In a letter to petitioner dated September 10, 2004, Skidmore said that he was no longer available for a telephone conference on September 21, 2004, and that the Secretary need not personally verify that requirements of any applicable law or administrative procedure were met because the Secretary delegates that responsibility.

In a letter to petitioner dated September 13, 2004, Skidmore said that there is evidence that petitioner had received the notice of deficiency and notice of lien.  Skidmore also said that petitioner challenged the underlying tax liabilities on the grounds that he had not received a proper notice of deficiency and that petitioner had requested but not received written verification.  Skidmore said petitioner had not raised any proper issues.  Skidmore offered to speak to petitioner by telephone about the case on September 27 or 28, 2004.  Skidmore asked petitioner to respond by 2:30 p.m. on September 28, 2004.

On September 20, 2004, petitioner wrote Skidmore to say that a telephone conference is not acceptable, and that respondent must provide petitioner with:  (1) A notice of deficiency and notice and demand for payment; (2) delegation orders from the

Secretary to the individuals who sign notices of deficiency and demand for payment; (3) copies of the verification from the Secretary that the requirements of any applicable law or administrative procedure have been met; and (4) copies of the record of assessment from the office of the Secretary. Petitioner also asked Skidmore to identify any Internal Revenue Code sections and regulations that create his tax liabilities. Petitioner never spoke to Skidmore by telephone about the case.

On October 14, 2004, respondent determined that it was appropriate to file a lien with respect to petitioner's unpaid income taxes, penalties, and interest for 1997-2002 and that petitioner must file a petition in this Court within 30 days if he wanted to dispute the determination in the Tax Court.

OPINION

A.  Penalties for Providing False Withholding Information and for Filing a Frivolous Return

The Court can, sua sponte, question its jurisdiction. Smith v. Commissioner, 124 T.C. 36, 40 (2005); Urbano v. Commissioner, 122 T.C. 384, 389 (2004); Raymond v. Commissioner, 119 T.C. 191, 193 (2002). This Court lacks jurisdiction to review the penalty for providing false withholding information under section 6682, Weber v. Commissioner, 122 T.C. 258, 264 (2004); Castillo v. Commissioner, 84 T.C. 405, 411 (1985); and the frivolous return penalty under section 6702, Johnson v. Commissioner, 117 T.C. 204, 209 (2001), Van Es v. Commissioner, 115 T.C. 324, 328-329

(2000), and <u>Moore v. Commissioner</u>, 114 T.C. 171, 175 (2000).
Thus, we lack jurisdiction to review respondent's determination
relating to the penalties under section 6682 for 2002 and section
6702 for 1997-2001, and we dismiss for lack of jurisdiction the
portion of this case that pertains to those penalties.

B.    <u>Whether Respondent's Determination Relating to the Lien</u>
      <u>Imposed on Petitioner for 1998, 2001, and 2002 Was Correct</u>

Petitioner contends that respondent's determination relating
to the lien imposed on petitioner for 1998, 2001, and 2002 was
incorrect because:  (1) Respondent did not give him a copy of
Form 23C; (2) there was no valid assessment of tax for 1998,
2001, and 2002; (3) he did not receive a notice and demand for
payment for 1998, 2001, and 2002; (4) respondent did not produce
verification from the Secretary that requirements of applicable
law and administrative procedures have been met or that
respondent's employees had authority from the Secretary to
collect tax from petitioner; (5) he is not liable for the tax for
1998, 2001, and 2002 that respondent contends he owes; and (6)
respondent improperly failed to give petitioner the opportunity
to have a face-to-face hearing.  We disagree.  Petitioner's
contentions are frivolous for reasons stated next.

1.    <u>Whether Respondent Was Required To Provide Form 23C for</u>
      <u>1998, 2001, and 2002</u>

Section 6330(c)(1) requires the Appeals officer to verify
that the requirements of any applicable law or administrative

procedure have been met. However, section 6330(c)(1) does not specify which documents the Commissioner must use to meet the verification requirement. See, e.g., Kuglin v. Commissioner, T.C. Memo. 2002-51. It was not an abuse of discretion for respondent not to give petitioner the Forms 23C that he had requested. See Hughes v. United States, 953 F.2d 531, 535-536 (9th Cir. 1992); Roberts v. Commissioner, 118 T.C. 365, 371 (2002), affd. 329 F.3d 1224 (11th Cir. 2003); Nestor v. Commissioner, 118 T.C. 162, 166 (2002).

2. Whether Respondent Properly Assessed Petitioner's Tax for 1998, 2001, and 2002

Petitioner contends that respondent did not properly assess petitioner's tax for 1998, 2001, and 2002 because he did not receive copies of Form 23C. We disagree. Respondent makes an assessment of Federal tax on a record of assessment. Sec. 6203. The Commissioner is not required to use Form 23C in making an assessment. Roberts v. Commissioner, supra at 369-371. The record of assessment must identify the taxpayer, the taxable period, and the character and amount of the liability assessed. Sec. 301.6203-1, Proced. & Admin. Regs. Skidmore reviewed transcripts that appeared to him to show that petitioner's tax for 1998, 2001, and 2002 had been validly assessed. Petitioner has not shown that there was any irregularity in the assessment procedure. We hold that the assessments are valid.

3.    Whether Respondent Issued a Notice and Demand for
      Payment of Petitioner's Tax for 1998, 2001, and 2002

Petitioner contends that respondent did not issue the notice

and demand for payment that section 6303(a) requires to be issued

within 60 days of assessment.  We disagree.  The notices of

demand for payment and of intent to levy that respondent sent to

petitioner fulfill the notice and demand for payment requirement

of section 6303(a).  See Henderson v. Commissioner, T.C. Memo.

2004-157; Tornichio v. Commissioner, T.C. Memo. 2002-291;

Standifird v. Commissioner, T.C. Memo. 2002-245, affd. 72 Fed.

Appx. 729 (9th Cir. 2003).  Respondent assessed tax for

petitioner and issued a notice and demand for payment to

petitioner as follows:

| Year | Assessment | Notice and Demand |
| --- | --- | --- |
| 1998 | Nov. 27, 2000 | Dec. 18, 2000 |
| 2001 | Apr. 8, 2002 | May 13, 2002 |
| 2002 | Sep. 22, 2003 | Oct. 13, 2003 |

4.    Whether Respondent Verified That Requirements of
      Applicable Law and Administrative Procedures Had Been
      Met and That Respondent's Employees Had Authority From
      the Secretary To Collect Tax

The Appeals officer must obtain verification that respondent

met requirements of applicable law and administrative procedures

before issuing the determination.  Sec. 301.6320-1(e)(1), Proced.

& Admin. Regs.  Internal revenue laws and regulations do not

require the Appeals officer to give the taxpayer a copy of the

delegation of authority from the Secretary to the person (other

than the Secretary) who signed the verification required under section 6330(c)(1). Nestor v. Commissioner, supra at 166-167. Section 6330(c)(1) does not require the Appeals officer to give the taxpayer a copy of the verification that the requirements of any applicable law or administrative procedure have been met. Id. at 166.

An Appeals officer may use computer transcripts of account for a taxpayer to verify that requirements of applicable law and administrative procedure have been met. Keene v. Commissioner, T.C. Memo. 2002-277 n.10; Hack v. Commissioner, T.C. Memo. 2002-243; Hauck v. Commissioner, T.C. Memo. 2002-184, affd. 64 Fed. Appx. 492 (6th Cir. 2003). Skidmore reviewed transcripts of account for petitioner for 1998, 2001, and 2002, and concluded that the requirements of applicable law and administrative procedure had been met.

5.  Whether Petitioner May Dispute Respondent's Conclusion Regarding His Tax Liability for 1998 in This Proceeding

Petitioner contends that he may dispute respondent's conclusion regarding his tax liability for 1998 in this proceeding. We disagree. Petitioner gave the notice of deficiency for 1998 to Kotmair; thus, it is clear that petitioner had received it. A taxpayer may dispute respondent's conclusion regarding his or her tax liability at the section 6330 hearing if he or she did not receive a notice of deficiency or otherwise have an opportunity to dispute the tax liability. Sec.

6330(c)(2)(B).  Thus, petitioner may not challenge his underlying tax liability for 1998.

6.  Whether Petitioner Is Liable for Tax for 2001 and 2002 in the Amounts Respondent Contends

Respondent does not contend, and the record does not show, that petitioner received a notice of deficiency for 2001 or 2002. Thus, petitioner may dispute respondent's conclusions regarding his tax liabilities for those years.  Id.  At trial, petitioner testified that the issues he would have raised at a face-to-face hearing are the issues that he described in his letters to respondent and in the petition.  We conclude that petitioner is liable for the taxes that were the subject of the Federal tax lien for 2001 and 2002.

7.  Whether To Remand This Case to Appeals for a Face-to-Face Hearing

Petitioner cites Treasury regulations which state that if a taxpayer wants a face-to-face hearing, the taxpayer must be offered an opportunity for a hearing at the Appeals Office closest to the taxpayer's residence.  Sec. 301.6320-1(d)(2), Q&A-D7, Proced. & Admin. Regs.  Petitioner contends he was entitled to have a face-to-face hearing.  We disagree.

In Lunsford v. Commissioner, 117 T.C. 183, 189 (2001), the Court declined to remand the case to the Appeals Office for a hearing because the taxpayer could not prevail on any of the issues he had raised in the proceeding.  We held that it was

neither necessary nor productive to remand the case to the Appeals Office. <u>Id.</u>; see <u>Kemper v. Commissioner</u>, T.C. Memo. 2003-195 (remand to record face-to-face hearing denied); see also <u>Keene v. Commissioner</u>, 121 T.C. 8, 19-20 (2003). The same reasoning applies here because petitioner is liable for the underlying income tax and his other arguments are frivolous.

During trial, petitioner was given the opportunity to raise the arguments that he would have made at a face-to-face hearing. Petitioner stated that the issues that he would have raised were included in his letters to respondent and in the petition. During the trial, petitioner stated that his only arguments for overturning respondent's determination, other than seeking a face-to-face hearing, were included in his correspondence to respondent and in the petition. Those arguments were frivolous. Thus, it is neither necessary nor productive to remand the case to the Appeals Office.

8. <u>Conclusion</u>

We sustain respondent's determination to proceed with collection of income taxes, additions to tax, and penalties other than those under sections 6682 and 6702, and interest by lien from petitioner for 1998, 2001, and 2002.

To reflect the foregoing,

An appropriate order will be issued, and decision will be entered.